### GABRIEL v. WILLIS (NEIGHBORS, Intervener).

No. 18692.   Opinion Filed Oct. 2, 1928.

W. B. Garrett, A. R. Garrett, and W. T. Jeter, for plaintiff in error.

Van Dyke & Arnett, for defendant in error.

DIFFENDAFFER, C. This is an action brought by plaintiff in error against defendant in error Willis to recover the sum of $1,177.75 principal and interest, and $117.78 attorney's fee on a promissory note, negotiable in form, executed by Willis, dated April 24, 1924, payable January 1, 1925, to the order of A. M. Spears.

Plaintiff alleged that he purchased the note from Spears for value, but does not allege that he purchased same before maturity. The note is indorsed:

"This note is with full recourse on demand, notice of demand, and protest waived. A. M. Spears."

Willis answered by verified general denial, and further alleged, in substance, that if the note sued on shows that Spears is the payee, said note is without consideration for that defendant never at any time borrowed, received, or in any manner obligated himself to pay any sum or sums whatever to A. M. Spears; that plaintiff is not the holder of the note in due course, but obtained same long after maturity, to wit, about July, 1925. He further alleged that after January 27, 1926, plaintiff represented to him that he, plaintiff, was the owner of a certain note for $1,000, which defendant had theretofore

executed to T. B. Neighbors as evidence of a loan from Neighbors to defendant, and further alleged that plaintiff had agreed to extend payment thereof until the fall of 1926; that if it should be shown that plaintiff was the legal owner and holder of the note, then the suit was prematurely brought.

T. B. Neighbors obtained leave of court to intervene, and filed his plea, in which he claims ownership of the note, and alleged, in substance, that on or about April 24, 1924, intervener loaned defendant, Willis, the sum of $1,000; that Willis, under instructions from intervener, went to Spears, executed and delivered the note for $1,000 payable to intervener; that the note was thereafter delivered by Spears to intervener, and by him (intervener) placed in his box and deposited in the vault of the Farmers State Bank for safekeeping, where it remained until long after maturity; that the note was feloniously removed from said box by Spears and by him sold to plaintiff long after maturity; that the note in question is the identical note given by Willis to intervener, and that intervener is and always has been the legal owner of the note. He prayed for possession of the note.

Plaintiff replied to the answer of Willis and the plea of Neighbors by general denial. The cause was tried to a jury, and at the close of all the evidence, plaintiff and intervener each filed motion for a directed verdict. The trial court sustained the motion of intervener and directed a verdict in his favor. Judgment was entered accordingly, and plaintiff appeals.

The petition in error contains eight assignments, but the only ones presented are the second, third, fourth, fifth, and sixth, and they all go to the proposition: Did the court err in directing a verdict for the intervener?

We have carefully examined the record, and think the statement of the trial court in ruling upon the requests for directed verdict correctly states the facts as shown by the evidence. In its ruling, the court said:

"The court has taken into consideration the evidence and the motions of the parties, and the evidence to my mind discloses this state of facts in so far as the plaintiff is concerned. He purchased a note overdue from one Mr. A. M. Spears and at the time he purchased the same paid his money for it. Mr. Neighbors had loaned the money and bought this note through Mr. Spears. The note had been delivered. The uncontroverted evidence shows that the note was placed in Mr. Neighbors' private box, and that the note was, after it was due in April of the following year, without the knowledge or consent of Mr. Neighbors, taken by Mr. Spears out of his private box. For the purpose of this motion, suppose we consider that the note itself had been indorsed, that it was in the name of Spears, but was in the private box of Mr. Neighbors. It was, therefore, Mr. Neighbors' private property, in his private box, and Mr. Spears, without his knowledge or consent, went into the box took the note out and sold it to the plaintiff. These questions are questions that must be carefully considered and carefully determined because of these two men, neither one is to blame. They both thought they were making an honest, square deal. One, unfortunately, must lose."

It clearly appears that at the time Spears sold the note in question to plaintiff, he was not the owner thereof.

In reference to transfer of bills and notes after maturity, the rule is stated in 8 C. J. p. 476, as follows:

"The holder of a bill or a note, in order to be a holder in due course, so as to acquire a better title than the transferor, must have acquired the instrument before its maturity."

The text is supported by cases cited from some 35 states, including Oklahoma, the United States Supreme Court, England, Canada, Manitoba, New Brunswick, Ontario, Quebec, Saskatchewan, and Northwest Territory.

We have found no cases holding to the contrary, except some wherein the owner himself indorsed the bills or notes and delivered them to third persons. Such is not the case here. Neighbors at no time delivered the note in question to Spears, nor did he know that Spears had taken same. In this respect the case differs from that of Justice v. Stonecipher, 188 Ill. App. 370, one of the cases cited and relied upon by plaintiff in error.

A number of cases are cited by plaintiff in error, but in none of them do the facts appear as here. In most of the cases cited, the instruments were transferred before maturity, and in others the owner had indorsed and voluntarily parted with the possession of the instruments involved.

In Fisher v. Leland, 4 Cush. (Mass.) 456, 50 Am. Dec. 805, the reason for the rule is well stated, as follows:

"But where a negotiable note is found in circulation after it is due, it carries suspicion on the face of it. The question instantly arises, Why is it in circulation? Why is

it not paid? Here is something wrong. Therefore, although it does not give the indorser notice of any specific matter of defense, such as set-off, payment, or fraudulent acquisition, yet it puts him on inquiry; he takes only such title as the indorser himself has, and subject to any defense which would be made, if the suit were brought by the indorser. The note does not cease to be negotiable; the indorsee takes a title, and may sue, but he is so far in privity with his indorser that he takes only his title."

We think, before plaintiff would be entitled to recover upon the note transferred to him, after maturity, as shown here, he must show that he is a holder in due course. By section 7722, C. O. S. 1921, a holder in due course is defined as follows:

"A holder in due course is a holder who has taken the instrument under the following conditions:

"First. That it is complete and regular upon its face; .

"Second. That he became the holder of it before it was overdue, and without notice that it had been previously dishonored, if such was the fact;

"Third. That he took it in good faith and for value;

"Fourth. That at the time it was negotiated to him, he had no notice of any infirmity in the instrument, or defect in the title of the person negotiating it."

One of the essential conditions is absent: that is, the note was overdue when purchased from Spears by plaintiff.

The facts in the instant case are such as to bring it within the rule announced in Merrill v. Springer (Ind.) 8 L. R. A. 61, where it was held:

"The owner of a note, which was, after maturity, surreptitious'y taken, without his knowledge or consent, from his possession by its nominal payee, and sold to a third party, may recover it from the purchaser although the latter paid value for it and had no notice of the defect in the title of his vendor."

It is contended by plaintiff in error that, because Neighbors permitted the note to remain in his box in the vault in the bank where Spears, an employee or officer in the bank, had access thereto, Neighbors should suffer the loss, under the rule that where one of two innocent persons must suffer loss by reason of the fraud or deceit of another, the loss should fall upon him by whose act or omission the wrongdoer has been enab'ed to commit the fraud. Such was the contention in Merrill v. Springer, supra, and the court there said:

"The doctrine that where one of two innocent parties must suffer, the party who put it in the power of the wrongdoer to perpetrate the wrong must suffer the loss, has no application to this case, for there is no evidence in the cause tending to contradict the evidence of the appellee that Orin Springer took the note from her bureau drawer without her knowledge or consent."

The uncontradicted evidence here is that Spears took the note from the private box of Neighbors, without his knowledge or consent, so that no voluntary act of Neighbors placed the note in the possession of Spears.

In O'Herron v. Gray (Mass.) 40 L. R. A. 498, in discussing similar question, the court said:

"The guardian entrusted the certificates to a national bank of good reputation. Neither she nor anybody else had any reason to anticipate the larceny or embezzlement of the property, and a fraudulent use thereof by a trusted officer of the bank."

We conclude that the trial court properly directed a verdict for intervener, and it follows that there was no error in refusing the instructions offered by plaintiff in error.

The judgment should be affirmed.

TEEHEE, HERR, HALL, and JEFFREY, Commissioners, concur.

By the Court: It is so ordered.