## JENT et al. v. JENT.

No. 19575. Opinion Filed Sept. 16, 1930.

McReynolds & Blair and E. C. Fitzgerald, for plaintiffs in error.

Goode, Dierker & Goode and Thompson, Mitchell, Thompson & Young, for defendant in error.

LEACH, C. Mary A. Jent, the defendant in error in this court, as plaintiff below, commenced this action in the district court of Pottawatomie county, against B. F. Jent and others named as heirs of John E. Jent, deceased, and alleged in her petition that John E. Jent was the original patentee of 150.69 acres of land, described it, located in said county at the time of his death, which occurred February 17, 1923; that he died testate, without issue and left surviving him his wife, the plaintiff, and numerous other heirs named as defendants in the action; alleged that the will of said deceased was duly admitted to probate in the county court of said county; that she filed in said court her election not to take under the provisions of the will of said deceased; and that the said county court found that the described land was acquired as the result of the joint industry of the said Mary A. Jent and of the said John E. Jent, deceased, and decreed and distributed the land to the plaintiff, Mary A. Jent, as her separate property, with the right to convey, dispose of, or encumber the same as she should see fit. It was further alleged that the named defendants were asserting and claiming some right, title, and interest in the land adverse to her right and title, and she prayed judgment decreeing her to be the owner of the land free and clear of any claims of the defendants, except such right, title or interest therein as plaintiff had not conveyed, encumbered, or otherwise disposed of, at her death.

The defendants by answer admitted that John E. Jent, at the time of his death, was the owner in fee of the lands described; that the plaintiff was his wife; that he died testate, and that the exhibit attached to plaintiff's petition was a true copy of said will, but otherwise specifically denied the allegations of plaintiff's petition.

Plaintiff, in support of the allegations of her petition, offered and was permitted to introduce in evidence an order of the county court of Pottawatomie county, entitled "In the Matter of the Estate of John E. Jent, Deceased," "Order Approving Report of Executor and Discharging Executor"; also an inventory of the same estate

describing the particular land involved. The defendants objected to the introduction of the said order, demurred to plaintiff's evidence, and moved for judgment in their favor on the ground that no notice was given of the hearing at which the order of the county court was made.

Judgment was entered by the district court for the plaintiff quieting her title to the land, and the defendants bring this appeal, and present their several assignments of error under the general proposition that the record and evidence does not support the judgment.

It is the contention of the plaintiffs in error that the testimony of the court clerk given at the trial of the cause shows that no notice of any kind or character was given of the hearing at which the order relied upon by the defendant in error, plaintiff below, was made, and they contend that the presumption of the validity of the order and the giving of the required notice was overcome by the testimony of the court clerk, and cite cases from the Supreme Court of California and other states to the effect that notice must be given on the final hearing of administrator accounts and decrees of distribution, otherwise such orders are void. On the other hand, the defendant in error contends that the testimony of the clerk affirmatively shows that published notice was given of the hearing at which the order relied upon was entered, and further contends that there is nothing in the record to overcome the legal presumption as to the validity of the order, and that the same is not subject to collateral attack, such as the defendants below make in their defense.

The testimony of the court clerk, which is relied upon by both parties, has but little, if any, value on the question of notice, and may be entirely disregarded, since we have before us the record, judgment, or order of the county court relied on, which clearly shows on its face that the notice required by statute to be given of the hearing on which the order is based could not have been given, and that the hearing was had at a date unauthorized by statute. The order recites, in substance, that the matter came on for hearing upon the report of the executor and his petition for discharge, and the court finds that J. C. Miller, the executor of the estate of the deceased, was appointed such executor on the 13th day of March, 1923; that immediately thereafter he qualified by giving bond; that he paid out certain sums for nurse hire, attorneys fee, court costs, and a certain sum to the widow of the deceased, all of which were approved by the court; and it is further recited and found therein that the estate of the deceased had been fully distributed in the payment of preferred claims; that the executor had no other funds in his hands; that there was no necessity of further proceedings; and the acts of the executor were in all things approved, and the executor was discharged and his bondsmen released. The order recites that the land involved was found to be community property, acquired during coverture, and decreed the same to plaintiff as her individual property. Nowhere in the order is any reference made to notice being given of the hearing or exceptions to the final account or appearances at the hearing. It will be observed from the order that the executor was appointed on the 13th day of March, 1923, and the decree relied on and order discharging the executor made and filed on the 19th day of March, 1923, six days after the executor was appointed.

"Every account for the final settlement and distribution of an estate shall stand for hearing at a date to be fixed by the county judge, not less than 20 days after the filing thereof; and notice of such hearing shall be given by publication for two successive weeks in some newspaper of general circulation published in the county, showing the name of the decedent and of the executor or administrator, the date of the hearing, and that such account is for final settlement and distribution. * * *" Section 1336, C. O. S. 1921.

"The account must not be allowed by the court until it is first proved that notice has been given as required by this artcle, and the decree must show that such proof was made to the satisfaction of the court, and is conclusive evidence of the fact." Section 1340, C. O. S. 1921.

Section 1359, C. O. S. 1921, provides in part:

"Upon final settlement of the accounts of the executor or administrator, or at any subsequent time, upon the application of the executor or administrator, or of any heirs, legatee or devisee, the court must proceed to distribute the residue of the estate in the hands of the executor or administrator, if any, among the persons who by law are entitled thereto. * * *"

"The administration of an estate under the probate jurisdiction of the court is a proceeding in rem, and, while the court need not have jurisdiction of the persons of the heirs, it is essential that constructive notice to them be given as prescribed by law to give the court jurisdiction over the subject-matter.

"The statute governing the administration of estates and prescribing the giving of notice must be complied with to give the court jurisdiction over the subject-matter, and to proceed to a judgment that will finally conclude the rights of interested heirs." Carter v. Frahm (S. D.) 141 N. W. 370.

See, also, Nat. Exploration Co. v. Robins, 140 Okla. 260, 283 Pac. 236.

This court in Miller v. Shelton, 115 Okla. 35, 241 Pac. 132, after referring to the provisions of section 1336, C. O. S. 1921, supra, stated:

"It would seem that without the notice being given, the court is without authority to make an order settling the accounts of the guardian or administrator, and the attempt to do so, without such notice, is void."

The opinion also refers to the provisions of section 1340, C. O. S. 1921, supra, and it is held in the syllabus of the case:

"Where an order settling the account of a guardian shows on its face that no notice was given of the hearing, said order is void, as the statute requires notice to be given of the final settlement of guardian's and administrator's accounts."

See, also, Baker v. O'Riordan (Cal.) 4 Pac. 232; In re Grider's Estate (Cal.) 21 Pac. 532; In re Shields Estate (Cal.) 55 Pac. 328; Teynor v. Heible (Wash.) 133 Pac. 1; State ex rel. Knisely v. Holtcamp (Mo.) 181 S. W. 1007.

"A judgment is void on its face when its invalidity is affirmatively disclosed by an inspection of the judgment roll." Rock Island Implement Co. v. Pearsey, 133 Okla. 1, 270 Pac. 846.

The order of the county court relied on solely by the plaintiff below to establish her title to the land shows upon its face to be invalid, and is insufficient to sustain the judgment of the trial court.

Under the record presented, objection to the introduction of the order should have been sustained.

The judgment of the district court is reversed, and cause remanded, with directions to proceed in accordance with the views herein expressed.

TEEHEE, REID, FOSTER, and EAGLETON, Commissioners, concur.

By the Court: It is so ordered.

Note.—See 'Executors and Administrators," 24 C. J. §1404, p. 532, n. 30. "Judgments," 34 C. J. §815, p. 514, n. 50.