Carole HUGHES, Sandra Zeitler, and Dr. Curt Cotton, Plaintiffs, (Appellants),

v.

The FIDELITY BANK, N. A., Executor and John Ervin, an individual, Charles Denny, Lewis A. Denny, Mrs. Earl Webber, Mrs. James P. Daniel, Mrs. William Duncan, and Mrs. Wilbur A. Martin, Defendants, (Appellees).

No. 53505.

Supreme Court of Oklahoma.

April 6, 1982.

Michael W. McCarrin, Pierce, Couch, Hendrickson, Johnston & Baysinger, Oklahoma City, for appellants.

V. Burns Hargis, Reynolds, Ridings & Hargis, Oklahoma City, for appellee, Lewis A. Denny and Mrs. James P. Daniel.

Leslie L. Conner, Jr., Ungerman, Conner, Little, Ungerman & Goodman, Oklahoma City, for appellee, Fidelity Bank, N. A., Executor and John Ervin.

Ken Hemry, Hemry & Hemry, Oklahoma City, for appellee, Mrs. Earl Weber, Mrs. William Duncan and Mrs. Wilbur A. Martin.

James M. Renegar, Oklahoma City, for appellee, Charles Denny.

BARNES, Vice Chief Justice.

Martha Denny Malone died May 4, 1973 leaving a will, which provided in part as follows:

> "In the event both of my sisters, Julia M. Denny and Jenny G. Denny, predecease me, then and in that event, I give, devise and bequeath my entire estate to the living issue of my deceased brothers and sisters by right of representation and according to the law of descent and distribution of the State of Oklahoma."

Julia M. Denny and Jenny G. Denny predeceased Martha. Martha was survived by nephews and nieces, appellees herein, and by a grandnephew and two (2) grandnieces, the children of a deceased niece, appellants herein. Notice of probate was given to appellees but was not given to appellants who are non-residents of this state. The estate was distributed pursuant to the decree of distribution, filed June 18, 1974. Appellants subsequently filed this action based on fraud for damages and for constructive trust alleging that appellees falsely represented to the probate court that they were the only known heirs of the estate of the deceased and consequently appellants were prevented from receiving notice of the probate proceeding. Demurrers were sustained to appellants original petition, first amended petition and second amended petition. Appellees motions to

dismiss appellants first and second causes of action in their third amended petition were then sustained by the trial court. These rulings of the trial court were apparently based upon appellees contention that no cause of action was present since appellants were not "heirs" under 84 O.S.1971 § 213 and therefore not entitled to notice. The rulings were also apparently based on appellees' contention that on the face of appellants' petition the statute of limitations had run as to each cause of action. Appellants then appealed the rulings of dismissal and the appeal was assigned to the Court of Appeals, Division No. 2, for opinion. The Court of Appeals came to the correct conclusion but in doing so misinterpreted the law. The Court of Appeals reversed stating that had the decedent ". . . died intestate, appellants would be 'heirs' and therefore entitled to notice. . ." under 84 O.S.1971 § 213 and that appellees' argument concerning the statute of limitations were ". . . premature and are to be plead defensively and cannot be considered at this time. We say this because their general demurrers do not reach these issues." Because of the inaccuracy of these statements we vacate the opinion of the Court of Appeals and for the reasons stated below we reverse the trial court's order sustaining appellees' motions to dismiss appellants first and second causes of action in their third amended petition.

Appellants contend that as a grandnephew and grandnieces they were devisees and legatees entitled to notice under the provisions of the will which left the entire estate to the "living issue of my deceased brothers and sisters by right of representation and according to the laws of descent and distribution of the State of Oklahoma." Appellants argue that because of their standing as devisees and legatees they properly stated causes of action in fraud against appellees who prevented appellants from receiving notice of the probate proceedings. Appellees on the other hand argue that appellants were not entitled to notice of the probate proceedings because, under the last phrase of the applicable provision in the will (namely, "according to the law of descent and distribution of the State of Oklahoma"), only "heirs" under 84 O.S.1971 § 213 are entitled to notice, and therefore appellants have failed to state causes of action in fraud.

Under 84 O.S.1971 § 213(6) [1] if the decedent had died intestate, her living nephews and nieces, appellees herein, as the next of kin in equal degree, would take her estate as heirs, to the exclusion of the grandnephew and grandnieces, appellants herein. 84 O.S.1971 § 213(6) calls for distribution of a deceased's estate only in an intestate situation. In this case the decedent did not die without a will, nor was her will not admitted to probate. Rather, she died leaving a valid will which was admitted to probate by the appellees. Appellees in arguing for the application of § 213(6), have ignored the explicit direction of Martha's will and have sought construction on the basis of only the last phrase of the provision in question, namely "according to the laws of descent and distribution of the State of Oklahoma." Such a narrow construction is erroneous in this case for the following reasons:

84 O.S.1971 § 151 provides that a primary objective of rules of construction of a will is to ascertain and give effect to the intention of the testator. In this case the language used in the subject provision clearly conveys the deceased's intention to leave the residue of her estate to the living issue of her deceased siblings. Under Oklahoma law, "issue" means descendants, lineal descendants, offspring, and grandchildren,

1. 84 O.S.1971 § 213 states in part: "When any person having title to any estate not otherwise limited by marriage contract, dies without disposing the estate by will, it descends and must be distributed in the following manner:

"... sixth. If the decedent leave no issue, nor husband, nor wife, and no father or mother, or brother, or sister, the estate must go to the next of kin in equal degree, excepting that when there are two or more collateral kindred, in equal degree, but claiming through different ancestors, those who claim to the nearest ancestors must be preferred to those claiming through an ancestor more remote."

*McCoy v. Lewis,* 166 Okl. 245, 27 P.2d 350 (1934); *Schafer v. Ballou,* 35 Okl. 169, 128 P. 498 (1912). Similarly, "descendant" includes the most remote lineal offspring (children, grandchildren and their children to the remotest degree) and is practically synonymous with "issue" and its legal meaning. *Jewell v. Jewell,* 28 Cal. 232, 236 (1865); *In re Tinker's Estate,* 215 P. 779 (Okl., 1923). Under the provision in question it is Martha Malone's deceased brothers and sisters who are the ancestors whose living issue or descendants are to receive the residue of her estate.

Further, said provision of the will directs distribution to the living issue of Martha Malone's deceased brothers and sisters "by right of representation." 84 O.S.1971 § 228 defines right of representation as follows:

> "Inheritance or succession by right of representation takes place when the descendants of any deceased heir take the same share or right in the estate of another person that their parents would have taken if living . . . ."

■ Appellants are the children of Dorothy Cotton, a deceased niece of Martha Malone. Dorothy Cotton predeceased Martha Malone but her children were alive at the time of Martha Malone's death. Thus, appellants, as representatives of their mother, should take her interest in Martha Malone's estate.

If we give weight to Martha Malone's intentions, and to the interpretation of the technical words in her will, there is but one conclusion that would follow, namely, appellants, as grandnephew and grandnieces and living issue of Martha Malone's deceased brothers and sisters, are legatees and devisees of the decedent's will and are therefore entitled to notice of the probate proceedings under 58 O.S.1971 §§ 25 and 26. The use of the phrase "according to the laws of descent and distribution of the State of Oklahoma" does not preclude this conclusion as the intention of the language "living issue of my deceased brothers and sisters by right of representation" is clear. Reference to the laws of descent and distribution and the use of this phrase should not

be taken out of context to substitute an intestate distribution contrary to the testatrix's intent. *In re Ware's Estate,* 348 P.2d 176 (Okl.1960).

In light of the above we reverse the trial court's order sustaining appellees motion to dismiss and hold that appellants, as devisees and legatees of the will, and (including all of the heirs in question) were entitled to notice, and having such standing, could properly bring these causes of action in fraud.

■ For the second proposition, appellees assert that on the face of the petition the statute of limitations had run as to each cause of action. As stated previously, appellants causes of action are based on fraud. The first cause of action is predicated on fraud allegedly committed by the Fidelity Bank, N. A. and John Irwin, while the second cause of action is predicated on the fraud allegedly committed by the remaining appellees. 12 O.S.1971 § 95(3) provides an action for fraud must be brought within two (2) years, however, "the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud." Appellees argue that the defect of limitation is raised on the face of the pleading because the petition states the dates of the commencement of the probate proceeding and of the final decree of distribution and thus the trial court was correct in sustaining appellees' demurrer and motion to dismiss on the grounds that the bar applied. Appellants, in response, argue that in their petition they alleged: (1) as a basis for fraud that they, as devisees and legatees under the decedent's will were entitled to notice of the probate proceedings and that such notice to them was prevented by the actions of appellees; (2) the appellants discovered the fraud some time during the first week of December, 1977. By pleading an exception to the bar of limitations, namely, the discovery of fraud, appellants petition is not demurrable. *Missouri K. & T. Ry. Company v. Wilcox,* 121 P. 656 (1912). Further, a petition is not vulnerable to general demurrer if any facts entitling petitioner to any relief are stated. *Fowler*

**496**

*v. Francis,* 362 P.2d 107 (Okl.1961). Appellants allegation of the discovery of the fraud raises at least an issue of fact which is not considered by a demurrer and which must be raised by proper plea or answer. *James v. Unknown Trustees,* 203 Okl. 312, 220 P.2d 831 (1950).

Since appellants pled an exception to the bar of limitations, it was clearly error for the trial court to sustain appellees' demurrer and motion to dismiss.

Opinion of the Court of Appeals vacated: judgment reversed and cause remanded with direction to the trial court to vacate its order of February 28, 1979 sustaining motions to dismiss appellants first and second causes of action in its third amended petition.

IRWIN, C. J., and LAVENDER, SIMMS, DOOLIN, HARGRAVE, OPALA and WILSON, JJ., concur.

HODGES, J., did not participate.