**FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Cordell National Bank, Appellee,**

v.

**Mable Irene DUERKSEN, Appellant.**

**No. 74280.**

Court of Appeals of Oklahoma, Division No. 3.

April 30, 1991.

Stephen D. Beam, Weatherford, for appellant.

G.N. Jack Combs, Fred Shaeffer, Norman, for appellee.

## MEMORANDUM OPINION

HUNTER, Chief Judge:

Cordell National Bank (Bank) obtained a judgment against Appellant on January 8, 1985. On March 18, 1985, an Order of Sale with Appraisement was issued directing the sheriff to appraise and sell Appellant's real property involved in the action at sheriff's sale in order to satisfy the judgment. Upon appraisal, a Notice of Sheriff's Sale was issued and published in the Cordell Beacon newspaper on April 3 and April 10, 1985. The Bank made no effort to personally serve Appellant with written notice of the pending sheriff's sale despite the fact that she had resided at the same address in the small town of Corn, Oklahoma since 1970, and had been a customer of the Bank for approximately 40 years.

On May 6, 1985, Appellant's property was sold at the sheriff's sale. The Bank filed a Motion to Confirm the sale and the Bank's attorney filed an affidavit in which he alleged that he mailed notice of the hearing on confirmation of the sale to Appellant at her last known address. Appellant did not appear at the hearing and later stated that she was not given prior notice of the hearing. At the hearing, on May 13, 1985, the trial court issued an Order Confirming Sheriff's Sale in which it set forth that the sale had been conducted in accordance with law in that notice by publication was provided. Appellant filed a pro se Motion to Set Aside Sale on May 21, 1985, in which she alleged fraud, conspiracy and that the sale had transpired "without the defendant (sic) knowledge of the same until after the time and date to appear in her own defense." Appellant's motion was overruled by the trial court on June 21, 1985. In its order overruling the motion to set aside sale, the trial court found that the sale was obtained and accomplished properly and according to law, and "that even if proper notice was not given to Defendant of the hearing on Plaintiff's Motion to Confirm Sale ... the question of notice is now moot, as a result of this hearing concerning the confirmation of the sale ..." Appellant, without the benefit of counsel, did not appeal the trial court's order. On December 5, 1986, the Bank was declared insolvent and the Federal Deposit Insurance Corporation (FDIC) was appointed receiver.

In January, 1989, Appellant pro se filed a Motion to Deny Application for Writ of Assistant (sic) wherein she again alleged that the sheriff's sale had not been properly conducted because she had not been properly notified of the sale. Upon hearing, her motion was denied and the trial court granted FDIC a writ of assistance in order to take possession of the property. On February 27, 1989, Appellant pro se filed a Motion to Dismiss Case for Reasons Listed in which she again alleged that she had been given improper notice of the sheriff's sale. This motion was also overruled. Several months later, Appellant obtained legal counsel, who filed in her behalf a Motion to Reconsider and Set Aside Sheriff's Sale based upon improper notice afforded Appellant. Upon hearing, the trial court overruled the motion to reconsider, and this appeal followed.

Notice is a jurisdictional requirement as well as a fundamental element of due process. *Jackson v. Ind. School Dist. No. 16 of Payne County*, 648 P.2d 26 (Okl. 1982). This Court has the power and duty to inquire into the propriety of its jurisdiction as well as the jurisdiction of the court from which the appeal arises. *Matter of Initiative Petition Filed Nov. 15, 1983*, 718 P.2d 1353 (Okl.1986).

Appellant alleges on appeal that her right to due process was violated by the Bank's failure to provide her with written

notice of the sheriff's sale. Due process requires adequate notice, a realistic opportunity to appear at a hearing or judicial sale, and the right to participate in a meaningful manner before one's rights are irretrievably altered. *Cate v. Archon Oil Co., Inc.,* 695 P.2d 1352 (Okl.1985). The FDIC counters that the Bank provided sufficient notice of the sheriff's sale to Appellant according to the law in effect at that time.

■ At the time Appellant's property was sold at the sheriff's sale in May, 1985, the statutory notice procedure which controlled the sale of realty required notice by publication only. 12 O.S.1981 § 764. However, the pivotal issue is not whether the notice substantially complied with statutory procedure, but whether the notice satisfied the fundamental requirement of due process. Where an action affects a person's interest in life, liberty or property, that person is entitled to notice reasonably calculated, under all the circumstances, to apprise him of the pendency of the action and to afford him an opportunity to present objections. *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950).

In *Cate v. Archon Oil Co., Inc., supra,* the Supreme Court addressed the issue of whether notice by publication pursuant to Section 764 is constitutionally sufficient to meet fundamental constitutional requirements. In *Cate,* the Court found that if the actual whereabouts of the parties are known, failure to afford personal notice to those who have an interest in real property, sought to be sold in satisfaction of a judgment, results in an unconstitutional exercise of jurisdiction insofar as the interest of the owner is affected.

In discussing the inadequacy of notice by publication alone, the Court stated:

> Theoretically, publication may be available for all the world to see, but it is presumptuous to suppose that anyone could read all that is published to see if something may be reported which affects his/her property interest. Exclusive reliance on an inefficacious means of notification cannot be permitted under the *Mullane* doctrine—neither necessity nor

efficiency can abrogate the rule that, within the limits of practicability, notice must be reasonably calculated to reach the interested parties. If the names of those affected by a proceeding are available, the reasons disappear for resorting to means less likely than the mails to apprise them of the pending sale. Mail service can be utilized as an inexpensive and efficient mechanism to enhance the reliability of the otherwise unreliable procedure of notice by publication.

In *Mennonite Bd. of Missions v. Adams,* 462 U.S. 791, 797–801, 103 S.Ct. 2706, 2711–12, 77 L.Ed.2d 180, 187–88 (1983) the United States Supreme Court discussed an analogous situation. The Court held that a mortgagee's knowledge of delinquency in payment of taxes was not the equivalent of notice that a tax sale was pending. The Court reaffirmed *Mullane* and determined that if the party's name and address are reasonably ascertainable, notice by mail or other means certain to insure actual notice is a constitutional prerequisite to a proceeding which will affect the liberty or the property interests of any party.

695 P.2d at 1356.

The *Cate* Court held that notice by publication is constitutionally insufficient as provided in Section 764 if the whereabouts of the property owner are known and personal notice is required for all judicial sales governed by Section 764 after March 22, 1985, when mandate issued in the *Cate* case. In compliance with the Supreme Court's pronouncement in *Cate,* the legislature subsequently amended Section 764 effective November 1, 1986, to require personal service by mail if the property owner's address is known in addition to notice by publication.

Thus, at the time of the sheriff's sale in the present case in May, 1985, the law of this state required that Appellant be personally notified of the sale pursuant to *Cate,* regardless of the fact that the statute required only notice by publication. Appellant's address was well known to the Bank and it made no effort whatsoever to afford her actual notice of the proceeding.

Notice by publication under these circumstances was insufficient to meet due process requirements and violated Appellant's constitutional rights. *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983); *Cate v. Archon Oil Co., Inc, supra; Luster v. Bank of Chelsea*, 730 P.2d 506 (Okl.1986); *Bomford v. Socony Mobil Oil Co.*, 440 P.2d 713 (Okl.1968).

 A void judgment is one that is void upon the face of the judgment roll. *Capitol Federal Savings Bank v. Bewley*, 795 P.2d 1051 (Okl.1990). The judgment roll has been defined to include the petition, process, return, pleadings, reports, verdicts, orders and all acts and proceedings of the court. *Mayhue v. Mayhue*, 706 P.2d 890 (Okl.1985). A void judgment may be attacked at any time, whereas a judgment which is only voidable may be successfully attacked only if the requirements of 12 O.S.1981 § 1031 are met. 12 O.S.1981 § 1038; *Capitol Federal Savings Bank v. Bewley, supra.* Here, it is clear from the face of the order confirming sale that Appellant's due process rights were violated. Thus, the order confirming sale is void on its face and the trial court was without jurisdiction to enter such order. The trial court's judgment is REVERSED AND this matter is REMANDED for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

GARRETT, P.J., and HANSEN, J., concur.