In the Matter of J.W.B. a Child Alleged to be in Need of In–Patient Treatment,

Charlotte COWAN, Appellant,

v.

STATE of Oklahoma, Appellee.

No. 83944.

Court of Appeals of Oklahoma, Division No. 3.

May 16, 1995.

Kelley Eisenberg, Avery A. Eeds, Jr., Legal Aid of Western Oklahoma, Clinton, for appellant.

Richard Dugger, Dist. Atty., Ricky A. McPhearson, Asst. Dist. Atty., Arapaho, for appellee.

## OPINION

GARRETT, Chief Judge:

On December 13, 1993, J.W.B., a minor, was seen by a licensed health professional at New Horizons, a mental health facility. He determined J.W.B. was suicidal and was threatening to kill his mother and his step-

father. Charlotte Cowan (Appellant), J.W.B.'s mother, signed an affidavit to that effect. The professional staff at New Horizons examined J.W.B. and determined that he would be best treated at Bethany Pavilion Hospital and he was taken there. Appellant consented to J.W.B.'s detention.

Two days later, on December 15, 1993, a psychiatrist for New Horizons filed a petition in the District Court of Custer County, Oklahoma, requesting the court to set a hearing allowing detention of J.W.B. for further treatment. The court entered a temporary order allowing such treatment, appointed an attorney for J.W.B. and set a hearing for December 20, 1993. There was no hearing on December 20.

The record shows the next activity in the case was on January 12, 1994, when the District Attorney of Custer County filed another petition pursuant to the Inpatient Mental Health Treatment of Children Act, 43A O.S.Supp.1993 § 5–501 et seq., (Act), alleging J.W.B. had a mental illness and needed inpatient mental health treatment. The petition alleged Appellant had revoked her consent for the child to receive in-patient treatment, but the attending physician at Bethany Pavilion had determined J.W.B. needed treatment and had placed him in emergency detention pursuant to the Act. A hearing on the second petition was set for January 14, 1994. Notice was mailed to Appellant.

At the hearing, the court ordered J.W.B. to remain in detention at Bethany Pavilion. On January 24, 1994, Appellant filed a motion for new trial and alleged the State had failed to comply with the requirements of 43A O.S.Supp.1993 § 5–509(C)(2)(c) which requires the petition for detention to contain the names and residences of the minor's parents. J.W.B.'s father was not listed in the petition. Appellant also alleged 43A O.S.Supp.1993 § 5–510(A)(3) requires "the parents" be notified, and only Appellant was notified. Further, that 43A O.S.Supp.1993 § 5–510(A)(3) requires at least 24 hour notice to the parents prior to the hearing, but Appellant was only notified the night before hearing. Appellant alleged the order for detention was based on only one health care professional's opinion and 43A O.S.Supp.1993

§ 5–508(B) requires two health care professionals to sign the evaluation, at least one of whom shall be "independent." Appellant alleges the health care professional that signed the evaluation was not "independent" as defined by 43A O.S.Supp.1993 § 5–502(4). The court denied Appellant's motion for new trial.

■ Appellant argues several issues in her brief. However, issues raised in Appellant's brief, but not raised at the hearing or in her motion for new trial, will not be addressed in this opinion. See, *Federal Corporation v. Independent School District No. 13, Pushmataha County*, 606 P.2d 1141 (Okl.1978), *Nu–Pro, Inc. v. G.L. Bartlett & Co., Inc.*, 575 P.2d 618 (Okl.1977). Conversely, issues raised in Appellant's motion for new trial, but not briefed will not be considered on appeal. Appellant contends it was error for the trial court to hear the State's petition because it did not contain the names of both J.W.B.'s parents. Specifically, Appellant contends that since she was the only parent notified, she was the only parent ordered to be financially responsible for J.W.B.'s treatment under 43A O.S.1991 § 5–503(F)(1). Appellant contends she should not be held liable for J.W.B.'s medical expenses incurred in connection with treatment at Bethany Pavilion.

However, 43A O.S.Supp.1993 § 5–502(13) defines parent as:

"Parent" means:

a. a biological or adoptive parent who has legal custody of the child, including either parent if custody is shared under joint decree or agreement, or

b. a person judicially appointed as a legal guardian of the child, or

c. a relative within the third degree of consanguinity who exercises the rights and responsibilities of legal custody by delegation from a parent, as provided by law.

J.W.B.'s mother and father were divorced. Her husband was J.W.B.'s stepfather. She had custody of the child. The statute does not require J.W.B.'s natural father to be named in the petition or that he be notified of the hearing. The Act is to "assure adequate treatment of children needing mental health treatment", 43A O.S.Supp.1993 § 5–

501. The court did not err in proceeding under the Act with only Appellant's name in the petition and only Appellant notified.

Appellant contends she was not given proper notice of the hearing because notice was mailed and she did not pick up her mail until after 5:30 p.m. on the evening before the hearing. Appellant contends she had approximately 19 hours notice. The record does not contain a transcript of the hearing. She did not appear. J.W.B. did appear with counsel and stipulated to the State's petition. Appellant filed a motion for a new trial. J.W.B. was treated and released prior to the hearing on the motion for new trial. Appellant contends the court ordered her to pay J.W.B.'s costs for treatment. The record does not reflect such an order. We note 43A O.S.Supp.1993 § 5–510(F)(1) provides a parent is not relieved from the obligation to pay for the child's treatment in the event an order committing a child to treatment is entered.

■ The notice given Appellant did not comply with the statute. However, in view of the fact J.W.B. appeared, stipulated, was treated and released, the trial court held that the issue was moot. We disagree. Generally, Oklahoma courts do not decide mooted or abstract questions. However, this rule is not absolute. In *Marquette v. Marquette*, 686 P.2d 990 (Okl.1984), this court held:

> Oklahoma recognizes two exceptions to the mootness doctrine: (1) when the appeal presents a question of broad public interest, and (2) when the challenged event is "capable of repetition yet evading review."

The court cited *Lawrence v. Cleveland County Home Loan Authority*, 626 P.2d 314 (Okl. 1981), *Roe v. Wade*, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973), and *Rex v. Owens ex rel. State of Oklahoma*, 585 F.2d 432 (10th Cir.1978).

■ Appellant was entitled, by statute, to a minimum of 24 hours notice. The notice was not effective at the time it was mailed. With exceptions not material here, the notice was effective when received. Notice is jurisdictional and is a fundamental element of due process. A lack of notice constitutes a jurisdictional defect. *Cate v. Archon Oil Co. Inc.*, 695 P.2d 1352 (Okl.1985). A failure to give the notice required by § 5–510(A)(3) constitutes a denial of statutory due process.

Under the facts of this case, the order was invalid and is vacated.

REVERSED.

ADAMS, J., concurs.

HUNTER, J., specially concurring with separate opinion.

HUNTER, Judge, specially concurring.

I write specially because other errors occurred at trial, which, if repeated, would require reversal on appeal.

The record reveals that J.W.B. was a ward of the Washita County Court because of a juvenile criminal matter. The Inpatient Mental Health Treatment of Children Act, contains some special procedures the court must follow when the child is a ward of a court. 43 O.S.Supp.1993 5–507. The District Attorney did not ascertain for the court that the child was a ward of a court. Consequently, the court used other parts of the Act, parts not pertaining to wards of the court, in making its determination. It is the State's burden to show that the court has jurisdiction over the person and the subject. Its failure to carry its initial burden resulted not only in the court's failure to apply the correct law to the matter, but also, the child's legal custodian, the Juvenile Bureau, was not given notice of the proceedings. § 5–510(A)(3).

Although the Act allows the child to stipulate to facts, I find that certain defects, such as a violation of that part of the Act which requires the mental health evaluation to be signed by two mental health professionals, one of whom must be independent, are not facts to which a child may stipulate[1]. Even

---

1. 43A O.S.Supp.1993 § 5–509(C) requires that the petition set forth facts with particularity to support the allegation that the child has a "demonstrable mental illness and as a result of the mental illness can be expected within the near future to inflict or attempt to inflict serious bodily harm to himself or another person if mental health services are not provided and has engaged in one or more recent overt acts or made signifi-

when internment is for the person's own good, or for the protection of others, the deprivation of liberty requires a strict compliance with the substance and procedure of the law.

Timely notice to all the proper parties, the parent and the Juvenile Bureau in this case, as well as proper application [2] of the proper law to the person affected under the Act, are fundamental to the rights of all involved, especially those of J.W.B.

cant recent threats which substantially support that expectation ..."

2. There is some question whether the District Attorney had a complete mental health evalua-tion of the child before filing the petition. There is also a question whether the court had the complete evaluation before the hearing. Both are required by statute. §§ 5–509, 5–510(B).