In the Matter of the ESTATE OF Carol Ray WHEELER, deceased,

Don Michael HAGGERTY, Appellant,

v.

Ollie M. WILLIS, Appellee.

Case No. 85813.

Court of Appeals of Oklahoma, Division No. 1.

May 24, 1996.

Don Michael Haggerty, Durant, Appellant, Pro Se.

Tim R. Webster, Webster & Robison, Durant, for Appellee.

### *MEMORANDUM OPINION*

GARRETT, Judge:

Carol Ray Wheeler (Deceased) died testate. Frank Reed (PR) was appointed personal representative. PR employed Don Michael Haggerty (Appellant or Attorney) to probate the estate. When the estate proceeding was ready to close, Attorney filed a motion for order allowing payment of an attorney fee to him. Attached to the motion was Exhibit A which was a detailed and itemized statement of his time spent and services rendered in the probate of the estate. The itemized statement showed the total hours were 138.25. The motion also disclosed that Ollie M. Willis filed an action against the estate. Attorney represented the estate in that case. Exhibit B, attached to attorney's motion, was a detailed and itemized statement of his time spent and services rendered in defending the Willis action, and it showed the total hours were 42.75. In addition, the motion disclosed that certain real estate was sold during the probate, and, in addition to the statutory sale proceedings, to satisfy title requirements, a quiet title action was required. Exhibit C, attached to attorney's motion was a detailed and itemized statement of his time spent and services rendered in the quiet title matter, and it showed the total hours were 24.5.

Attorney alleged he was entitled to a fee at the normal rate charged by attorneys in Bryan County, Oklahoma, to-wit: $100.00 per hour plus expenses. Then he alleged he was entitled to a total fee of $18,825.00, but he was willing to accept 25 cents on the dollar, and requested the court to approve payment of a $4,706.25 fee.

The court entered an order for hearing attorney's motion. Notice was given. The only response was filed by Ollie M. Willis (Appellee or Willis). The Willis response, except the caption, signatures and certificate, was, in its entirety, as follows:

COMES NOW, OLLIE M. WILLIS, by and through her attorney, Tim R. Webster, and for her response to the Motion for Attorney's Fee, alleges and states as follows:

1. The Respondent does not object to the awarding of a reasonable attorney's fee. However, the Respondent does object to the fee which is requested as not being reasonable for this type of action.

2. The Respondent would agree that a reasonable fee for the probate of a small estate would be $750.00. The Respondent would further agree that a fee of $750.00 is an appropriate fee for a quiet title action.

3. The Respondent does not dispute the time records filed by the attorney of the Personal Representative. However, the Respondent does dispute that this is a reasonable fee on an estate of this size. The Respondent would further show the Court that to allow such a fee will result in a total depletion of the estate.

WHEREFORE, premises considered, the Respondent requests an Order of this Court awarding a reasonable attorney's fee

and for such other and further relief as this Court shall deem just and proper.

A hearing was held on Attorney's motion. While the Appellate record does not contain a transcript of the proceedings and testimony presented, the record does establish that Appellant appeared in person, and the Appellee, Willis, appeared by and through her attorney. Attorney presented an expert witness to testify concerning the reasonableness of the attorney fee, and rested. Willis demurred to the evidence. The court sustained the demurrer. The Journal Entry, except the caption and signature, is, in its entirety, as follows:

### JOURNAL ENTRY

This matter comes on this 12th day of June, 1995 for hearing on the Motion for Order Allowing Payment of Attorney's Fee filed herein by the attorney for the estate and the petitioner, Don Michael Haggerty. The petitioner appeared in person and the respondent, Ollie M. Willis, appeared by and through her attorney, Tim R. Webster. The Court upon consideration of the Court File and the testimony of the petitioner's expert witness, Mary Kay Nabors, finds as follows:

1. There is no evidence before this Court as to the amount of the attorney's fee sought and as to the amount of time expended by the petitioner in support of the Motion.

2. For such reason, the respondent's demurrer to the evidence of the petitioner is sustained and the Motion for Order Allowing Payment of Attorney's Fee is denied.

IT IS SO ORDERED this 15th day of June, 1995.

Attorney filed a motion for new trial, or in the alternative for an order which vacated or modified the judgment. There is a transcript of the proceedings at the hearing on that motion. The motion was denied. Attorney appeals.

For reversal, Attorney contends the trial court erred by requiring him to prove admitted facts. He cites various sections of the pleading code and cases decided thereunder.

Willis also refers to the pleading code. The trial court, and the parties, appear to have agreed that the pleading code must be construed and applied. That was error by all concerned.

■ The scope of the pleading code is set forth in 12 O.S.1991 § 2001. It provides:

SCOPE OF THE OKLAHOMA PLEADING CODE

The Oklahoma Pleading Code governs the procedure in the district courts of Oklahoma in all suits of a civil nature whether cognizable as cases at law or in equity except where a statute specifies a different procedure. It shall be construed to secure the just, speedy, and inexpensive determination of every action. The provisions of Section 1 through 2027 of this title may be cited as the "Oklahoma Pleading Code". Section captions are part of this act.

A probate proceeding is not a suit or action of a civil nature which is cognizable as a case at law or in equity. It is a special proceeding in rem, and is controlled by the probate code. Division 4 of this Court has addressed this matter. See *In the Matter of the Estate of Evelyn R. Daly, Deceased*, 870 P.2d 795 (Okl. App.1994). The *Daly* Court held:

Pleading code does not apply to cases involving probate code inasmuch as probate is a special area of law governed by its own statutory procedural code.

■ The personal representative of a decedent's estate shall be allowed all necessary expenses in the care, management and settlement of the estate. 58 O.S.1991 §§ 525 and 527. This includes a reasonable attorney fee. *Matter of Estate of Bartlett*, 680 P.2d 369 (Okl.1984), *Matter of Brown's Estate*, 653 P.2d 928 (Okl.1982). An attorney has standing to apply directly to the estate for attorney. fees. *Matter of Bartlett*, supra. The precise and detailed requirements for the pleadings [motion, response, objections] and the proceedings at a hearing are not prescribed in detail in the probate code. Therefore, those matters are left to the sound discretion of the probate judge.

The above discussion serves to demonstrate that the issue for this Court to decide

is whether the trial court abused its discretion in refusing to grant a new trial or to vacate or modify the judgment. Attorney contends there was an abuse of discretion. We agree.

First, Attorney is entitled to be paid a reasonable fee for his services. As the matter now stands, Attorney is not allowed any fee. Second, Attorney, as an officer of the court, presented his detailed claim for hours expended and services rendered. He presented an expert witness who testified as to the fees. Third, Willis admitted the schedule of hours spent and asked the court to award attorney a reasonable fee. The only objection made was that the fee was too large for such a small estate. Fourth, there were sufficient facts before the court for it to make a decision of the issue of reasonableness, but Willis was not allowed or required to defend.

Under the facts presented, we hold the court erred in denying the motion for new trial and the motion for alternative relief. While we express no opinion as to the amount of fee which should be allowed, we do hold that a reasonable fee must be allowed. The court must grant and conduct a new hearing.

REVERSED AND REMANDED.

JONES, P.J., and JOPLIN, J., concur.