2011 OK CIV APP 67

**In The Matter of the ESTATE OF John Ellis VAUGHAN, Deceased,**

**Mary Lou Palmer, Devisee/Appellant,**

v.

**Mark Everett Vaughan and Robert Lewis Vaughan, Co–Executors/Appellees.**

**No. 107,907.**

Court of Civil Appeals of Oklahoma, Division No. 4.

April 29, 2011.

James E. Poe, Covington & Poe, Tulsa, Oklahoma, for Devisee/Appellant.

D. Kenyon Williams, Jr., Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C., Tulsa, Oklahoma, for Co–Executors/Appellees.

KEITH RAPP, Judge.

¶ 1 The trial court petitioner, Mary Lou Palmer (Palmer), appeals an Order that denied her Motion To Vacate Void Orders And Judgment Order Allowing Final Account, Determining Heirs, Devisees and Legatees and Final Decree of Distribution (Final Decree), entered in the Estate of John Ellis Vaughan, Deceased (Decedent). The Co–Personal Representatives are Mark Everett Vaughan and Robert Lewis Vaughan (Co–Personal Representatives).

## BACKGROUND

¶ 2 The parties have no dispute about the facts applicable to this appeal.

¶ 3 The Decedent died leaving a Will naming his sons as the Co–Personal Representatives. The Decedent was not married at the time of his death, but was living with Palmer. He made a specific bequest of a vehicle and a boat to Palmer, the Decedent's long-time companion. In addition, he devised three real estate properties equally to the Co–Personal Representatives and Palmer. Palmer was also made a residuary beneficiary. One property is located in Broken Arrow (the Residence) and two are located in Skiatook, Oklahoma (Rental Property).

¶ 4 The Co–Personal Representatives offered the Will for probate. Their petition did not list Palmer as a legatee or devisee or in any other manner make reference to her. The petition represented that the Co–Personal Representatives were the only known heirs, legatees and devisees. The transcript of the hearing to admit the Will to probate also does not mention Palmer.

¶ 5 It is undisputed that no notice issued personally to Palmer at any stage of the probate proceedings.[1] The Orders for hearing of the petitions to probate the will and for the final distribution and accounting each direct that mail notice be provided to the heirs, devisees and legatees.[2] The judgment roll in the probate proceedings does not reflect that Palmer's whereabouts was unknown, nor is there evidence of due diligence to ascertain her whereabouts. It appears

that Palmer lived in the Residence devised under the Will. The Final Decree was entered also without personal notice to Palmer.

 ¶ 6 The Final Account lists a $20,000.00 payment to "Mary Palmer." The Co–Personal Representatives also received monetary disbursements as shown in the Final Account.[3] The Final Account was approved in the Final Decree filed August 7, 2002, and, as stated above, Palmer was not given personal notice of the hearing.

¶ 7 On February 23, 2009, Palmer filed in the probate case a Notice of Interest In Real Property By Person In Possession (Notice of Interest). This instrument specifically described the Broken Arrow Residence and referred generally to the Rental Property. Palmer asserted that she has been in possession of the Residence since the death of Decedent. The Notice of Interest recites the claim of lack of notice in the probate proceedings as the basis for her assertion of interest in the properties. She asserted that the Final Decree and other orders in the probate were void.

¶ 8 On July 13, 2009, Palmer filed in the probate action a motion to vacate the Order Determining Heirs and the Final Decree.[4] After briefing, the trial court conducted a hearing and ruled that the probate orders might be voidable for lack of notice to Palmer, but not void. The court further found that Palmer could have appealed the probate Final Decree, but she did not appeal. Palmer's motion was denied and Palmer appeals.

---

**1.** Notice of a petition for probate of a will must be given to known heirs, devisees and legatees by mail. 58 O.S.2001, §§ 25–26. The fact of mailing must be shown at the hearing. 58 O.S.2001, § 28. Notice of the final account hearing must also be mailed to the heirs, devisees and legatees. 58 O.S.2001, § 553.

**2.** Record, pp. 17, 38.

**3.** The appellate record contains an affidavit from one of the Co–Personal Representatives detailing a purported agreement with Palmer to waive participation and receipt of her devise of real property. Compromise and settlement agreements among heirs, distributees, devisees, and legatees of a decedent's estate will be enforced if made between persons having the legal capacity

to contract. *See Drummond v. Johnson*, 1982 OK 37, ¶ 25, 643 P.2d 634, 639. There is no explanation about why this purported agreement was not presented to the probate court and addressed in the Final Decree. Nevertheless, the trial court did not mention this affidavit in the hearing leading to its decision and its allegations are not mentioned in the appealed Order.

**4.** This motion included a claim on behalf of a disinherited child of Decedent. The trial court ruled that Palmer had no standing to present that claim. That ruling has not been appealed. The motion does not specifically mention the bequests of a vehicle and a boat. The parties have not framed any issue in this case related to the passage of time between the date of the Final Decree and the motion.

STANDARD OF REVIEW

¶ 9 Where the facts are not disputed, an appeal presents only a question of law. *Baptist Building Corp. v. Barnes,* 1994 OK CIV APP 71, ¶ 5, 874 P.2d 68, 69.[5] The appellate court has the plenary, independent, and nondeferential authority to reexamine a trial court's legal rulings. *Neil Acquisition, L.L.C. v. Wingrod Investment Corp.,* 1996 OK 125, 932 P.2d 1100 n. 1.

ANALYSIS AND REVIEW

## A. Palmer's Failure To Appeal.

¶ 10 A Final Decree is conclusive as to the rights of heirs, legatees or devisees subject only to be reversed, set aside or modified on appeal. 58 O.S.2001, § 632.[6] However, the operation of this statute depends upon whether notice has been given. *Widger v. Union Oil Co. of Oklahoma,* 1952 OK 8, 239 P.2d 789 (Syl. 1); *see Beatty v. Beatty,* 1925 OK 1001, 242 P. 766 (Syl. 2) (treating failure to name and notify known heirs as extrinsic fraud on the court).

¶ 11 Therefore, under the facts that show Palmer was not given notice, her action is not precluded by the fact that she did not appeal the Final Decree.[7]

## B. Whether The Probate Orders Are Void, Not Voidable, As To Palmer.

¶ 12 A probate decree entered without proper notice is facially void. *Booth v. McKnight,* 2003 OK 49, 70 P.3d 855. The mere act of exercising judicial power upon process or notice not reasonably calculated to apprise interested parties that legal action is pending and to afford them a meaningful opportunity to be heard violates the constitutional mandate for Due Process of Law.[8] *Id.* at n. 48. The *Booth* Court held:

Notice is a *sine qua non* element of personal jurisdiction, without which the court wields no authority over the persons sought to be haled before it. The classic statement of constitutionally adequate notice is that which is reasonably calculated, under the circumstances, to inform interested persons of the pending litigation and to afford them an opportunity to advocate their interest in the cause. Notice that satisfies due process performs two functions. It not only informs interested persons that litigation is pending (in the sense of telling them that it exists and informing them of time and place where the forensic battle will be waged), but also affords them an opportunity to present a defense against the adversary's claim. *At the bare*

5. The standard ordinarily applied is thus inapplicable. The usual test for measuring the legal correctness of the trial court's ruling on a motion to vacate or set aside judgment is whether sound discretion was exercised upon sufficient cause shown to vacate, modify, open or correct its earlier decision, or to refuse the relief sought. *Ferguson Enterprises, Inc. v. H. Webb Enterprises, Inc.,* 2000 OK 78, ¶ 5, 13 P.3d 480, 482. Here, the trial court made a legal ruling based upon undisputed facts.

6. Section 632 reads:
In the order or decree, the court must name the persons and the proportions or parts to which each shall be entitled, and such persons may demand, sue for and recover their respective shares from the executor or administrator, or any person having the same in possession. Such order or decree is conclusive as to the rights of heirs, legatees or devisees, subject only to be reversed, set aside, or modified on appeal.

7. Decisions such as *Eaves v. Busby,* 1953 OK 240, 268 P.2d 904, upholding a probate order must be viewed in the context of the then Probate

Code that did not require mailing of notice of the final accounting to heirs, legatees and devisees and limited mailing of notice of the petition for probate to state residents. The Probate Code was amended in 1953 to provide for mailing and to expand the persons to heirs, legatees and devisees regardless of the state of residence. 1953 Okla. Sess. Laws, ch. 58, §§ 2, 3, 48.

8. *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950) (citations omitted):

An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. The notice must be of such nature as reasonably to convey the required information, and it must afford a reasonable time for those interested to make their appearance.

*minimum, a constitutionally adequate notice must apprise one of the antagonist's pressed demands and of the result consequent upon default.*[9]

*Booth,* 2003 OK 49 ¶ 20, 70 P.3d at 862–63.

¶ 13 The probate court does not have jurisdiction to enter a valid decree of distribution or approve a final account without notice. *In re Porter's Estate,* 1938 OK 503, 83 P.2d 541 (Syl. 1) ("A decree of distribution of an estate made without giving notice as required by statute is void for jurisdictional reasons and it is error to refuse to vacate such a decree on motion of any person who may be affected thereby.")[10]; *Jent v. Jent,* 1930 OK 408, 291 P. 529 (notice given did not comply with length of time required by statute.)

¶ 14 In an analogous situation, the United States Supreme Court held that Due Process of Law requires that notice to file a claim in a probate must be mailed, or provided by a means designed to ensure actual notice, to known or reasonably ascertainable creditors.[11] *Tulsa Professional Collection Services, Inc. v. Pope,* 485 U.S. 478, 491, 108 S.Ct. 1340, 1348, 99 L.Ed.2d 565 (1988). The *Pope* rule has been extended to include a requirement to provide actual notice when a claim is rejected. *In re Estate of Villines,* 2005 OK 63, 122 P.3d 466.

¶ 15 In *Bomford v. Socony Mobil Oil Co.,* 1968 OK 43, ¶ 12, 440 P.2d 713, 718 (citations omitted), the Court stated:

The general rule that emerges from *Mullane*[12] and subsequent cases is simple:

A state cannot invest itself with, and exercise through its courts, judicial jurisdiction over a person in a proceeding which may directly and adversely affect his legally protected interests, unless a method of notification is employed which is reasonably calculated to give him knowledge at a meaningful time and in a meaningful manner of the attempted exercise of jurisdiction and an opportunity to be heard. No rigid formula exists as to the kind of notice that must be given; the notice required will necessarily vary with circumstances and conditions, and in some instances, as in the case of missing or unknown persons, "personal notice might not be reasonably possible." But notice by publication is clearly insufficient with respect to one whose name and address are known or readily ascertainable from sources at hand. In other words, the requirements of due process are not satisfied unless due diligence has been exercised to find the whereabouts of the defendant.[13]

¶ 16 *Hughes v. Fidelity Bank, N.A.,* 1982 OK 45, 645 P.2d 492, does not serve as precedent in this instance. In *Hughes,* grandnieces and grandnephews sued on the theory of fraud because they had not been given notice of the probate proceedings for their grandaunt's Will. Their cause of action depended upon whether they were entitled to notice in light of their remote relationship to the decedent. The Supreme Court ruled that they were entitled to notice because, under the terms of the Will, they were legatees or devisees even though they may not

---

9. Thus, the failure to provide Due Process of Law by giving notice voids the proceedings. Such failure goes beyond the case where a party collaterally attacks a judgment and claims that the judgment is void because it is erroneous. Such was the case in *In re Estate of Mouse,* 1993 OK 157, 864 P.2d 1284, where the heirs moved to vacate the order admitting Will to probate arguing that the order was void because the Will did not meet requirements of valid holographic will. The Court affirmed the trial court's ruling that the order was not void and that heirs had not timely challenged admission of Will.

10. *In re Porter's Estate* involved a case where the content of the notice was deficient. Also, at that time the statute did not require a mailing, which was added in 1953.

11. Other examples where lack of notice defeated jurisdiction include: *B & C Investments, Inc. v. F & M Nat'l Bank & Trust,* 1995 OK CIV APP 106, 903 P.2d 339 (default judgment against garnishee void for lack of notice); *In re J.W.B.,* 1995 OK CIV APP 81, 898 P.2d 184 (juvenile detention order void for lack of notice); and, *Federal Deposit Ins. Corp. v. Duerksen,* 1991 OK CIV APP 39, 810 P.2d 1308 (due to lack of notice of sheriff's sale the order confirming sale is void on its face and the trial court was without jurisdiction to enter such order).

12. *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865.

13. Here, Palmer's whereabouts were known when the Will was presented for probate.

have so qualified had the decedent died intestate. The *Hughes* decision did not involve the question of whether the probate proceedings were void or voidable for lack of notice. Moreover, the plaintiffs there did not seek to vacate the probate proceedings.

¶17 Therefore, the probate orders here are facially void, not voidable.[14] However, the fact that "Mary Palmer" received a $20,000.00 distribution in the estate, according to the final account, necessitates an inquiry into whether this recipient is the same as Appellant Palmer. If they are the same person, an additional inquiry is presented, that is: Did Appellant Palmer have actual notice of the probate proceedings, and, if so, is she not precluded from challenging the probate proceedings? Nevertheless, the trial court erred by its ruling that the probate orders were merely voidable.

¶18 The facts must be developed before it may be finally determined that the probate Orders are in fact void as to Palmer. Therefore, the judgment of the trial court is reversed and the cause is remanded for further proceedings.

¶19 REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.

GABBARD, V.C.J., concurs,[15] and GOODMAN, P.J., dissents.

GOODMAN, P.J., dissenting.

¶1 A probate proceeding is not a suit or action of a civil nature which is cognizable as a case at law or in equity. *Matter of the Estate of Wheeler,* 1996 OK CIV APP 65, ¶8, 919 P.2d 460, 463. A probate proceeding is in the nature of a proceeding in rem and is controlled by the probate code. *Id.* The jurisdiction and power of the district court, when acting as a probate court, must be exercised in the manner prescribed by the probate code. *See* 58 O.S.2001, § 1.

¶2 A valid probate decree is one which, on the face of the judgment roll, shows the presence of three (3) required elements of jurisdiction: those of the person and subject matter as well as of the power to render the entered decree. *Booth v. McKnight,* 2003 OK 49, ¶11, 70 P.3d 855, 859. When an examination of the judgment roll reveals a want of one (1) or more of these requirements, the decree is facially void and subject to collateral attack by any interested party at any time and wherever venue may be laid. *Id.* "The word 'void'... means that which has no force and effect, is without legal efficacy, is incapable of being enforced by law, or has no legal or binding force...." Blacks Law Dictionary, 5th Ed., 1979. Passage of time will neither vitalize a facially flawed decree (or judgment) nor immunize its plainly fatal deficiency from collateral attack. *Booth,* 2003 OK 49, at ¶11, at 859, 70 P.3d 855.

¶3 Under Oklahoma's probate code, all heirs, legatees, and devisees are entitled to notice of the probate proceedings pursuant to 58 O.S.2001, §§ 25 and 26. Notice is a *sine qua non* element of personal jurisdiction, without which the court wields no authority over the persons sought to be hauled before it. *Booth,* 2003 OK 49, at ¶20, 70 P.3d at 862. A probate decree (or any judgment) entered without proper notice is *ipso facto* facially void. *Id.,* at ¶23, 70 P.3d at 863. While the core element of due process is the right to be heard, that element has no value unless advance notice is afforded at a meaningful time and in a meaningful manner. *Id.,* at ¶18, 70 P.3d at 862. Upon proper notice, a decree of distribution of the probate court is conclusive of the rights of interested parties in the absence of fraud or collusion. *Id.,* at ¶11, 70 P.3d at 859. The terms of the Fourteenth Amendment to the U.S. Constitution and those of Article 2, section 7 of the Oklahoma Constitution forbid the state from

---

**14.** It is unnecessary to decide whether Palmer may proceed under the provisions of the civil code, 12 O.S.2001, § 1038. The court has inherent authority in cases such as this one to declare the judgment void for lack of notice in contravention of Due Process of Law guarantees.

The judiciary possesses what is called certain inherent power which has been broadly defined as its "exclusive authority to manage its own affairs." *State v. Brown,* 1993 OK CIV APP 82, ¶13, 853 P.2d 793, 796. It "includes power to make, and enforce, reasonable rules for orderly procedure before courts." *Id.*

**15.** Judge Gabbard cast his vote prior to his retirement.

depriving any person of life, liberty, or property without due process of law.

¶ 4 In the present case, it is undisputed that Co–Personal Representatives did not provide Palmer, a devisee under the will, with the required statutory notice in contravention of §§ 25 and 26. Failure to meet the statutory requirements of notice results in the probate court never acquiring jurisdiction to enter an order admitting the will to probate. All subsequent proceedings, including sales and final accountings, are invalid because no valid order exists admitting the will to probate. The probate decree is *ipso facto* facially void, *i.e.*, without legal efficacy, and is incapable of being enforced by law. Accordingly, I would reverse the trial court's order denying Palmer's motion to vacate and remand the matter to the probate court for further proceedings consistent with this dissent.