Imogene DAWSON, Appellee,

v.

Mary Jo DOUGLAS, Appellant,

and

Pauls Valley National Bank, Defendant.

No. 78608.

Court of Appeals of Oklahoma, Division No. 1.

Feb. 16, 1993.

Michael J. Fong, Yukon, for appellant.

Joe S. Rolston, III, Joe S. Rolston, IV, Oklahoma City, for appellee.

## MEMORANDUM OPINION

GARRETT, Judge:

Appellant, Mary Jo Douglas, Defendant below, did not pay the ad valorem taxes due on her house and lot in Oklahoma City for the year 1986. The County Treasurer, pursuant to 68 O.S.1991 §§ 3101 et seq., conducted a tax sale. On October 5, 1987, Appellant's house and lot was sold to the County for delinquent taxes. Taxes for 1987, 1988 and 1989 were not paid and were endorsed on the Certificate of Tax Sale. Appellee, Imogene Dawson, Plaintiff below, purchased the Certificate on February 7, 1990. Appellee applied for a Tax Deed, and, on June 29, 1990, a County Treasurer's Certificate Tax Deed was executed by the County Treasurer. It conveyed Appellant's house and lot to Appellee.

Appellee sued Appellant to quiet her title to this real property, and for ejectment so that she could obtain possession. Appellee based her title on the Tax Deed. Appellant contended in the trial court, and now in this Court, that the Tax Deed was void because she did not receive notice as required by 68 O.S.1991 § 3118. She contends notice was never served on her personally, and that the Notice by Publication, relied on by Appellee, was unauthorized and void. The trial court entered judgment quieting Appellee's title, and ordered Appellant to surrender possession to Appellee.

In addition to her defenses relating to notice, Appellant contends the trial court erred in entering judgment against her because she tendered into court for the use and benefit of Appellee, the statutory amount due to Appellee for delinquent taxes, penalties, interest and costs. The contention appears to be that 68 O.S.1991 § 3140 requires the Court to permit her to cancel the Tax Deed in this manner.

The right to redeem property sold for taxes is set forth in 68 O.S.1991 § 3113. Appellant did not comply with § 3113, and lost her right to redeem when the tax deed

was issued more than two years after the original tax sale.

Section 3140 requires a person desiring to contest a tax deed and to recover the land, to tender into Court all taxes, penalties, interest and costs which would be due if he were then redeeming the land from tax sale, for the benefit of the Tax Deed holder as a prerequisite to being allowed to prosecute his action or defense. While Appellant was required to make the tender prior to defending the action brought against her by Appellee, the tender has no effect on the issues involved in the action. This contention is without merit.

■ Appellant next contends the notice requirements of 68 O.S.1991 § 3118 were not properly followed, and she was denied statutory due process of law. It follows, she says, that the Tax Deed was invalid and should be set aside. Section 3118, in pertinent part, is as follows:

**§ 3118. Right to tax deed—Estate vested—Notice to owner**

(a) If no person shall redeem such lands within two (2) years, at any time after the expiration thereof, and on production of the certificate of purchase, the county treasurer of the county in which the sale of such land took place shall execute to the purchaser, his heirs or assigns, a deed for land remaining unredeemed. The deed shall vest in the grantee an absolute estate in fee simple in said lands, subject however, to all claims which the state may have on said lands for taxes or other liens or encumbrances and shall extinguish the rights of any mortgagee of record of said lands to whom notice was sent as provided for by law. *However, before any holder of a certificate of purchase issued at any tax sale of real estate shall be entitled to a deed as provided in this section, he shall cause a written notice signed by himself to be served upon the owner of the land if said owner is within the state, upon the person in possession of the said land (if the same be occupied),* and upon all mortgagees of record of said land, which notice shall recite the sale of the said lands, specifying the date

of such sale and notifying such person that unless redemption. is made from such sale within sixty (60) days after the date of the service of such notice, a tax deed will be demanded and will issue as provided by law.

(b) *If it shall be made to appear by the return of the service of such notice that the owner or any mortgagee of record of such land cannot be found in the county in which such land is situated, such holder of a certificate of purchase shall cause such notice to be mailed to the last-known address of the owner* and any mortgagee of record of such land, *with return receipt requested.* If it shall be made to further appear by the affidavit of the holder of the tax certificate or his agent, filed in the office of the county clerk, that the owner or any mortgagee of record of the real estate are nonresidents of the state, or that the residence or place of business of such owner or any mortgagee of record is not known to the holder of such tax certificate, and cannot be ascertained by any means within the control of such holder of the tax certificate, and that the holder of such tax certificate cannot by the exercise of reasonable diligence make service upon such owner or any mortgagee of record within the state, then in such cases, service shall be made by publication for three (3) successive weeks in some newspaper of general circulation published at the county seat of the county in which such real estate is situated, and said sixty (60) days shall begin to run from the date of the first publication of such notice. Until the expiration of the said sixty (60) days, redemption may be made by any person authorized by law to redeem. *All service and return shall be made in the same manner as that of summons in courts of record.* * * *. (Emphasis supplied.)

It is undisputed that Appellant occupied the house and lot as her home at all times material to this action. There was no evidence showing that she was a nonresident of the state of Oklahoma, or that she was absent from Oklahoma County where the property is situated. At the trial, Appel-

lee's evidence showed that residents of the next door property were asked whether Appellant still resided in the subject property. The neighbor advised that Appellant did reside there, but was seldom home through the day, because she left early and returned home late.

The evidence did show that several attempts were made to serve a notice on Appellant by mail, both certified and regular mail. All certified mail was returned "unclaimed", not "refused". The regular mail was not returned, but Appellant denied receipt of any such mail. An attempt was made by a Deputy Sheriff to serve notice on Appellant but his return showed she was "not found" in the county.

Section 3118(a) specifically requires the required notice be served on the owner of the land "if said owner is within the state". While such service was obviously difficult, absence from the state was not the reason. This requirement simply was not met.

Section 3118(b) provides that if the return of service of such notice shows the owner "cannot be found" in the county, that the notice must then be mailed to the last-known address of the owner, with return receipt requested. This was done, but the mail was returned "unclaimed". Section 3118(b) then provides that if it is made to appear by Affidavit of Certificate Holder, or his agent, that the owner is a nonresident of the State of Oklahoma [together with other formal requirements], then service by publication may be accomplished. Such an affidavit was filed and the notice was served by publication. The trial court held that service by publication was valid.

In addition to its other provisions, § 3118 provides that: "All service and return shall be made in the same manner as that of summons in courts of record." 12 O.S.1991 § 2004 relates to issuance and service of a summons. Section 2004C.2.a. provides that service by mail shall be effective on the date of receipt, or, if refused, on the date of refusal of the summons and petition by the defendant. While there was no evi-

dence showing that Appellant refused to accept service of the required notice, we point out that the statute does not authorize service by publication when the summons is refused.

Appellant contends that Appellee's Affidavit was false because it contained the statement that Appellant was a nonresident of the State, when the truth was to the contrary. It follows, Appellant contends, that service by publication is void when based on a false affidavit. Appellee contends the affidavit was not false. It is not necessary for this Court to decide any issue in this respect because we find that service of notice by publication was not authorized by law and was void ab initio. Issues relating to due diligence are not necessary to be considered. However, we observe in passing, that personal service of summons on Appellant was properly accomplished in the quiet title action being reviewed. The summons was served on Appellant at 2608 N.W. 58th Place in Oklahoma City, which is the street address of the land involved in this action.

■■■ Section 3118 contains apparent inconsistencies when its content is carefully studied along with § 2004, supra. Section 3118(a) requires, without exception, that the required notice be served on the owner of the land (here, Appellant), if said owner is within the State of Oklahoma. We hold the service may be accomplished by a personal delivery to the owner, or by certified mail. Since notice is a fundamental right and is an essential element of constitutional due process [*F.D.I.C. v. Duerksen*, 810 P.2d 1308 (Okl.App.1991)], statutory provisions requiring personal service of notice must take precedence over provisions authorizing constructive notice.

■■■ An action to quiet title to realty is a proceeding in equity. In an appeal in an action of equitable cognizance this Court will review and weigh the evidence. However, absent an error of law, the judgment will not be set aside unless it is clearly against the weight of the evidence. *Cleary*

*Petroleum Corp. v. Harrison,* 621 P.2d 528 (Okl.1980); *Marshall v. Marshall,* 364 P.2d 891 (Okl.1966); *First National Bank v. Orme,* 125 Okl. 114, 256 P. 748 (1926).

We find that the judgment of the trial court is contrary to law and is clearly against the weight of the evidence. Therefore, the judgment is vacated.

**REVERSED AND REMANDED** for such other proceedings as are proper, and not inconsistent with this Opinion.

ADAMS, P.J., and JONES, J., concur.