1998 OK CIV APP 102

**BERKELEY FEDERAL BANK & TRUST FSB and 1013 Corporation, Appellees,**

v.

**George P. SELBY, personally, and as Trustee of the Preston James Strickland Trust, Appellant,**

**and**

**John F. Cantrell, Tulsa County Treasurer, Defendant.**

**No. 90813.**

Court of Civil Appeals of Oklahoma, Division No. 4.

May 5, 1998.

Certiorari Denied July 1, 1998.

James A. Scimeca, Miller, Dollarhide, Dawson & Shaw, P.C., Teresa W. Marianos, Shapiro & Marianos, Oklahoma City, for Appellee Berkeley.

Novell J. Wilson, Tulsa, for Appellee 1013 Corporation.

Nathan E. Barnard, Arthur H. Adams, P.C., R. Brent Blackstock, Tulsa, For Appellant Selby.

Dick A. Blakeley, Assistant District Attorney, Tulsa, for Tulsa County Treasurer.

## OPINION

STUBBLEFIELD, Presiding Judge.

This is an appeal by holder of tax deed from summary judgment declaring the deed void and quieting the titles of the record owner and first mortgage holder.[1] The appeal was assigned to the accelerated docket pursuant to Oklahoma Supreme Court Rule 1.36, 12 O.S. Supp. 1997, ch. 15, app. 1. Based on our review of the record on appeal and applicable law, we affirm.

In October 1992, the County Treasurer of Tulsa County offered certain Tulsa real estate for sale for delinquent real property taxes. Because there were no bidders, the property was "bid off in the name of Tulsa County." In January 1994, the County's interest in the property was purchased by George P. Selby, in trust for Preston James Strickland. In January 1995, Selby was issued a tax deed to the property by the County Treasurer.

Berkeley Federal Bank & Trust FSB, the holder of a first mortgage to the property, for which a foreclosure had been initiated in August 1995, filed this lawsuit claiming that the tax deed was invalid. Berkeley based its

---

1. The appealed judgment merely states that summary judgment is granted. However, deed cancellation and quieting title is the relief requested in the motion. Seemingly unaddressed is the question of payment by Plaintiffs of the costs of redemption.

claim of invalidity upon alleged defective service/notice to the record owner of the original tax sale proceedings, and to the record owner and Berkeley, as mortgagee, of the application for issuance of tax deed. Berkeley brought the suit in its name and in the name of the record owner, 1013 Corporation (Owner), seeking to cancel the tax deed and to quiet the title of both Owner and Berkeley. In addition to deed-holder Selby, Berkeley named the County Treasurer as party defendant.[2]

Berkeley moved for summary judgment. It reiterated its claim of improper notice to Owner as to both the original tax sale and the application for tax deed. Although the County Treasurer claimed that proper notice was given, Berkeley's evidentiary materials demonstrated that the County Treasurer did not have record proof of a certified mailing of notice of the tax sale to Owner. In regard to the application for deed, Berkeley claimed that notice was received at Owner's office by someone other than "an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process...." 12 O.S.1991 § 2004(C)($l$)(c)(3). Berkeley also asserted that the notice given to it of the application for tax deed was ineffective because it was sent to the wrong location and not to its proper service agent.

Selby also moved for summary judgment. In regard to the notice of the original tax sale, he relied on the contention of the County Treasurer that proper notice was given to the property owner, notwithstanding the lack of any return receipt card. As for notice of the application for tax deed, his evidentiary materials indicated that notice had been mailed by certified mail to Owner and signed for by the person designated by its President, William Harvey, to receive mail. In her deposition, that person indicated that she signed the certified receipt for the "Notice of Application for Tax Deed" and placed it on Harvey's desk. In his deposition testimony, Harvey stated that he had expressly authorized the person to receive and open his mail and to place the open mail on his desk. Harvey also testified that he, "in all probability," first saw the "Notice of Application for Tax Deed" when the secretary placed it on his desk.

Selby also appended to his motion for summary judgment a copy of a certified receipt for a mailing to Berkeley of the notice of application for tax deed, sent to "515 N. Flagler, the Pavilion, 4th FL, West Palm Beach, FL 33401." The return receipt card indicates delivery was made on October 17, 1994, and is signed with an illegible name.

In considering the motions for summary judgment, the trial court focused on one issue—whether the statutory provision regarding issuance of tax deeds, 68 O.S.1991 § 3118, required actual service[3] on the record owner or whether certified mailing was sufficient. The trial court found that the statute required an attempt at actual service on the record owner before certified mail service was allowed. Finding that Selby did not attempt such service, the trial court invalidated the tax deed. Selby appeals.

■ We first deal with a procedural matter. The Tulsa County Treasurer filed what it designated an *amicus curiae* brief. However, the brief also bears the name and is actually signed by an attorney for Selby. Rule 1.36 provides that appellate review is confined to the record actually presented to the trial court, and, unless ordered by the appellate court, no briefs are allowed on review. In that regard, no party has applied to file briefs in the appeal, and no order has been entered directing the parties to file briefs. Thus, the tendered brief is not authorized and has not been accepted for consideration on review.[4]

While Selby tenders five propositions of error on appeal, only three of them deal with

---

2. The action originally was brought against John F. Cantrell, County Treasurer. However, the claims were based on *ex officio* status, and J. Dennis Semler, the successor County Treasurer, later defended against the lawsuit.

3. We use the term "actual service" to mean "Service by Personal Delivery" as specified in 12 O.S.1991 § 2004(C)($l$).

4. Although we do not accept the proffered brief, we do acknowledge it as an entry of appearance by Selby's counsel.

issues actually addressed by the lower court's judgment. Those propositions of error may be summarized as a contention that the trial court misconstrued the requirements of 68 O.S.1991 § 3118, when read in conjunction with 12 O.S.1991 § 2004. Selby asserts that section 3118 authorizes service of the notice of application for tax deed to be initially made by certified mail. Based on our review of the pertinent statutes, we disagree.

■ In an instance of an appeal dealing solely with a question of law, this court has plenary, independent and nondeferential authority to examine a trial court's legal rulings and will review by a *de novo* standard. *Brown v. Nicholson,* 1997 OK 32, ¶ 5, 935 P.2d 319, 321; *Kluver v. Weatherford Hosp. Auth.,* 1993 OK 85, ¶ 14, 859 P.2d 1081, 1084.

In pertinent part regarding notice, section 3118 provides:

(a) ... However, before any holder of a certificate of purchase issued at any tax sale of real estate shall be entitled to a deed as provided in this section, he shall cause a written notice signed by himself to be served upon the owner of the land if said owner is within the state, upon the person in possession of the said land (if the same be occupied), and upon all mortgagees of record of the said land, which notice shall recite the sale of the said lands, specifying the date of such sale and notifying such person that unless redemption is made from such sale within sixty (60) days after the date of the service of such notice, a tax deed will be demanded and will issue as provided by law.

(b) If it shall be made to appear by the return of service of such notice that the owner or any mortgagee of record of such land cannot be found in the county in which such land is situated, such holder of a certificate of purchase shall cause such notice to be mailed to the last-known address of the owner and any mortgagee of record of such land, with return receipt requested. If it shall be made to further appear by the affidavit of the holder of the tax certificate or his agent, filed in the office of the county clerk, that the owner or any mortgagee of record of the real

estate are nonresidents of the state, or that the residence or place of business of such owner or any mortgagee of record is not known to the holder of such tax certificate, and cannot be ascertained by any means within the control of such holder of the tax certificate, and that the holder of such tax certificate cannot by the exercise of reasonable diligence make service upon such owner or any mortgagee of record within the state, then in such cases service shall be made by publication for three (3) successive weeks in some newspaper of general circulation published at the county seat of the county in which such real estate is situated, and said sixty (60) days shall begin to run from the date of the first publication of such notice. Until the expiration of the said sixty (60) days, redemption may be made by any person authorized by law to redeem. All service and return shall be made in the same manner as that of summons in courts of record. ...

■ It is the contention of Selby and the County Treasurer that the last sentence of this quoted statutory language authorizes service by certified mail, because the "manner as that of summons in courts of record" is set out in 12 O.S.1991 § 2004, *and service by certified mail is authorized in all cases on election of the plaintiff.* However, if we construed the last language to have this meaning, then it effectively cancels all of the preceding language. We must construe a statute to give effect to every word and sentence rather than rendering some provision nugatory. *Anderson v. Eichner,* 1994 OK 136, ¶ 15 n. 31, 890 P.2d 1329, 1339 n. 31; *Strelecki v. Oklahoma Tax Comm'n,* 1993 OK 122, ¶ 20 n. 69, 872 P.2d 910, 920 n. 69.

■ Our review of the statute leads us to conclude the trial court's analysis is substantially correct. The language of section 3118 specifically requires actual service on a record owner who is within the state, a person in possession of the property (who would be of course within the state) and record mortgagees. The language of the statute in 3118(b), which deals with *return of the service,* makes it clear that this initial attempt at service must be by actual service. Furthermore, the clear language only secondari-

ly authorizes service by certified mail when the service has been returned showing the person cannot be found in the county where the land is situated.

 We do not read the language in section 3118(b)—"All service and return shall be made in the same manner as that as that of summons in courts of record"—as changing the authorized method of service set out earlier in the statute. Such an interpretation certainly would negate the earlier language. We deem this sentence to merely mean that the procedure and format used for the various types of service shall be the same as that for service in courts of record. This simple construction best gives vitality to the sentence without negating earlier language.

There are some inconsistencies in the language of section 3118. *See, Dawson v. Douglas,* 1993 OK CIV APP 32, 849 P.2d 441. The actual service only seems required on a record owner "if said owner is within the state." Section 3118(a). However, the beginning language of 3118(b) might seem to mean that actual service must still be attempted, even if the record address indicates the owner is outside Oklahoma, because service by certified mail seems authorized only where a return of service indicates the person cannot be found in the county where the land is situated.[5] Furthermore, the language of 3118 specifies actual service on all mortgagees of record but does not use the modifying language "if within the state," as is used regarding record owners. The provision could be construed to require an attempt at actual service on non-Oklahoma mortgagees before service by certified mail is authorized.

We believe the construction of the inconsistent, unclear language of section 3118, which best gives meaning to the totality of the language, is as follows: (1) Actual service must be made or attempted on the person in possession of the property and on record owners and record mortgagees, which are located within the county in which the land is situated, as indicated by addresses of record with the County Treasurer or listed on the

instruments of title filed of record with the County Clerk;(2) Initial service of notice may be effected by certified mail on record owners and record mortgagees whose addresses of record reflect residence outside the county where the land is situated; (3) Service of notice by certified mail may be made secondarily on resident record owners and mortgagees if the return of service indicates they cannot be found in the county in which the land is situated; and, (4) Service of notice by publication shall then be authorized in the instance and manner stated in section 3118(b).

Herein, there is no claim by Selby that actual service was attempted on Owner, although its address indicated Tulsa County residency. Thus, the lower court's conclusions regarding failure of proper notice are correct. Based upon the foregoing analysis, the judgment of. the lower court is AFFIRMED.

REIF and RAPP, JJ., concur.

---

5. There is also the problem that section 3118(a) requires service of notice on a record owner, if within *the state,* while part (b) authorizes service by certified mail if the return of service indicates the owner cannot be found *in the county* where the land is situated.