In the Matter of the **ESTATE OF Lucille M. KINNAMON, s/p/a Lucille Mary Kinnamon, s/p/a Mary L. Kinnamon, s/p/a Lucille Kinnamon.**

**Norma Ruth SEE, individually and as Personal Representative for the Estate of Lucille M. Kinnamon, Deceased, Appellant,**

v.

**Brandon KINNAMON and Patricia Kinnamon, Guardian of Todd Kinnamon, a minor, Appellees.**

No. 77840.

Court of Appeals of Oklahoma,
Division No. 3.

Aug. 4, 1992.

**928**

Steven L. Parker, Tom Pruitt, Tecumseh, for appellant.

Margaret J. Herrington, Charles T. Henry, Tecumseh, for appellees.

## MEMORANDUM OPINION

HUNTER, Judge:

This is an appeal from the trial court's judgment determining the heirs of Lucille M. Kinnamon, (Lucille), Deceased. Lucille executed her will on September 28, 1982, leaving her estate to her three (3) children, Norma Ruth See, the Appellant, Larry Leon Kinnamon and Floyd Ray Kinnamon "in equal shares, share and share alike, per capita and not per stirpes ..." Lucille made no provision for her living grandchildren, the Appellees and children of Floyd Ray Kinnamon. Floyd Ray Kinnamon predeceased Lucille, leaving Appellees and another son as his lineal descendants. Upon Lucille's death in 1991, her uncontested will was admitted to probate and Norma Ruth See was appointed personal representative of the estate. The order admitting the will to probate named Norma Ruth See and Larry Leon Kinnamon as Lucille's only devisees under the terms of the will. Appellees filed a motion to vacate a portion of the order admitting the will to probate seeking a determination from the trial court that Lucille's living children as well as the descendants of her predeceased child, Floyd Ray Kinnamon, were devisees and legatees on a per capita basis under the will. The trial court found that Lucille's heirs at law are her two living adult children and three grandchildren descended from her deceased son, Floyd, and found that the use of the terms "per capita" and "per stirpes" did not constitute an exclusion under 84 O.S.1981, § 132 insofar as Floyd's children were concerned. The trial court found that the term, "per capita" in the will required equal distribution to Lucille's surviving children and Floyd's three children. This appeal followed.

■ The only issue before us is whether the trial court correctly interpreted the term, "per capita" as it applies to the context of Lucille's will. "Per capita" is defined as "that method of dividing an intestate estate by which an equal share is given to each of a number of persons, all of whom stand in equal degree to the decedent, without reference to their stocks or the right of representation." *Black's Law Dictionary*, Sixth Edition, p. 1136 (1990). *Black's* defines "per stirpes" as "that method of dividing an intestate estate where a class or group of distributees take the share which their deceased would have been entitled to, had he or she lived, taking thus by their right of representing such ancestor, and not as so many individuals."

■ When Lucille executed the will in 1982, she clearly intended to bequeath her estate in equal shares to each of her three children, as is evidenced by the language, "in equal shares, share and share alike, per capita and not per stirpes ..." Her will does not necessarily evince an intentional omission of her grandchildren. However, when Lucille's son, Floyd, predeceased her, 84 O.S.1981, § 142 became applicable, which provides:

When any estate is devised or bequeathed to any child or other relation of the testator, and the devisee or legatee dies before the testator, leaving lineal descendants, such descendants take the estate so given by the will, in the same manner as the devisee or legatee would have done had he survived the testator.

 According to Section 142, Floyd's three children, as his lineal descendants, took Floyd's place in the class and are eligible to collect "per capita" shares of Lucille's estate "in the same manner as the devisee or legatee (Floyd) would have done had he survived the testator." 84 O.S. 1981, § 142. The legal definitions of "per capita" and "per stirpes" as these terms apply to intestate succession do not supersede the clear language of Section 142, which sets the rule of will construction regarding the rights of descendants when a devisee predeceases the testator. The cardinal rule for construction of wills is to ascertain the intent of the testator and to give effect thereto unless such intent happens to effect that which the law forbids. *Matter of Estate of Smith v. Williams,* 674 P.2d 17 (Okl.1983). When statutory language is unambiguous and free of irrational result, that language must control. *United States v. Brittain,* 931 F.2d 1413 (10th Cir.1991). In probate matters, this Court must review and weigh the evidence, but will not disturb the trial court's judgment unless it is clearly against the weight of the evidence. *Matter of Estate of Beal,* 769 P.2d 150 (Okl.1989). The four corners of the will do not show that Lucille expressly intended to disinherit her grandchildren merely because of the reference to "per stirpes". There is no strong or convincing language showing that Lucille intended to disinherit the issue of a deceased child. We find the trial court's judgment is not clearly against the weight of the evidence. We agree with Appellants that the trial court's judgment is ambiguous in that it fails to set forth whether the court intended by its ruling that Floyd's children are each to share the estate on an equal basis with Lucille's surviving children or if the court intended that the estate be divided into thirds and that Floyd's three children share in his one-third portion of the estate. As mandated in Section 142, Floyd's children, as his descendants, are entitled to take the estate in the same manner as Floyd would have done had he survived Lucille. Accordingly, Floyd's three children are entitled to equally share his portion, i.e. one-third, of Lucille's estate and Lucille's two surviving children each take one-third. The trial court's judgment is hereby affirmed and this matter is remanded to the trial court with directions to order distribution of the estate in accordance with this opinion.

AFFIRMED AND REMANDED.

HANSEN, V.C.J., and BAILEY, P.J., concur.