**In the Matter of the ESTATE OF Geraldine SWARTZ, Deceased.**

**Thedis MITCHELL and Shirley Wilburn, Appellants,**

v.

**William R. PICKETT, Personal Representative of the Estate of Geraldine Swartz, Deceased, Appellee.**

**No. 81676.**

Court of Appeals of Oklahoma, Division No. 3.

Feb. 1, 1994.

John W. Donley, Weatherford, for appellants.

Thomas R. Zynda, Anadarko, for appellee.

## OPINION

HUNTER, Presiding Judge:

Geraldine Swartz died intestate in August, 1991. Geraldine was survived by eleven (11) living first cousins and approximately 55 persons whom the trial court described as either (1) living second cousins whose first cousin parents are deceased, (2) living third cousins whose second cousin parents and first cousin grandparents are deceased or living third cousins whose second cousin parents are deceased. Appellee, William R. Pickett, one of Geraldine's first cousins, was appointed as personal representative of the estate and petitioned for distribution of the estate to Geraldine's living first cousins pursuant to 84 O.S.1991 § 213(B)(2)(e). Appellants, who claim to be descendants of deceased first cousins, filed an objection to such determination of heirs on behalf of themselves and other descendants of deceased first cousins, alleging that they were entitled to share in the estate pursuant to 84 O.S.1991 § 213(B)(2)(d). Upon hearing, the trial court determined that the living first cousins were the only legal heirs entitled to the estate, and ordered distribution accordingly. Appellants timely lodged this appeal.

■ The issue before us is whether descendants of deceased first cousins share in distribution of an intestate's estate via the right of representation under 84 O.S.1991 § 213(B)(2)(d) or whether the trial court properly excluded such descendants under 84 O.S.1991 § 213(B)(2)(e). We hold that they share by right of representation.

■ Succession to estates is strictly a matter of statutory regulation which cannot be changed by courts. *In re Felgar's Estate*, 272 P.2d 453 (Okl.1954). Under Section 213, which became effective July 1, 1985, Geraldine's estate was subject to distribution under Subsection B.

Section 213(B)(2)(d) provides:

If there is no surviving issue, parent, nor issue of parents, but the decedent is survived by one or more grandparents or issue of any grandparent, half of the estate passes equally to the paternal grandparents if both survive, or to the surviving paternal grandparent, or to the issue of any paternal grandparent if both paternal grandparents are deceased, the issue taking equally if they are all of the same degree of kinship to the decedent, but if of unequal degree those of more remote degree take by representation and the other half passes to the maternal relatives in the same manner; but if the decedent is survived by one or more grandparents or issue of grandparents on only one side of the family, paternal or maternal, the entire estate shall pass to such survivors in the manner set forth in this subsection ...

Section 213(B)(2)(e) provides:

[I]f there is no surviving issue, parent, issue of parents, grandparent, nor issue of a grandparent, the estate passes to the next of kin in equal degree ...

Cases interpreting the old statute generally held that a cousin once removed was not entitled to take by representation the share to which a deceased parent would have been entitled if living in the absence of a statutory provision to that effect. *In re Felgar's Estate, supra; In re Ho–Tah–Moie's Estate*, 200 Okl. 532, 198 P.2d 638 (1948). The trial court relied upon *In re Felgar's Estate*, supra, in making its determination that first cousins, as the next of kin, take to the exclusion of first cousins once or more distantly removed. However, the old statute inter-

preted by the Supreme Court in *Felgar's Estate* was completely rewritten by the legislature and cases such as *Felgar's Estate,* interpreting the pre–1985 statute, are not helpful to our interpretation of the statute as it now stands.

Section 213(B)(2)(d) clearly applies in this case where the decedent is survived only by issue, or lineal descendants as defined by Section 213(B)(4), of the decedent's grandparents, however remote. Under this circumstance, Section 213(B)(2)(d), sets forth that distribution is to "the issue taking equally if they are all of the same degree of kinship to the decedent, but if of unequal degree those of more remote degree take by representation ..."

 Those who take in their own right as an intestate's next of kin ordinarily take per capita. See *Lincoln v. Herndon,* 141 Okl. 212, 285 P. 120 (1930). "Per capita" is defined as that method of dividing an intestate estate by which an equal share is given to each of a number of persons, all of whom stand in equal degree to the decedent, without reference to their stocks or right of representation. *Matter of Estate of Kinnamon,* 837 P.2d 927 (Okl.App.1992). Accordingly, we find that Geraldine's first cousins, whom are her next of kin, are entitled to take per capita, or in their own right. Under Section 213(B)(2)(d), those persons legally determined to be issue or lineal descendants of Geraldine's grandparents, are entitled to take by right of representation or per stirpes, the share to which their deceased parents would have been entitled if living.

 A judgment of the trial court in a proceeding to determine heirship under the laws of descent and distribution will be reversed on appeal if it is clearly against the weight of the evidence. *McSpadden v. McSpadden,* 331 P.2d 471 (Okl.1958); *In re Heirship of Jefferson,* 101 Okl. 89, 221 P. 247 (1924). The trial court's judgment based upon the wrong subsection of Section 213 is clearly against the weight of the evidence and must be reversed.

We also find the trial court incorrectly classified Appellants by describing them as "second cousins" or "third cousins", when they should be properly termed as either "first cousins once removed" or "first cousins twice removed". See Table of Consanguinity attached. First cousins descend from a common grandparent, whereas second cousins descend from a common great-grandparent and on down the line. See Descent and Distribution—Cousins, 54 A.L.R. 1009, 1012.

There is no evidence in the record showing whether Appellants and the many others whom they represent as lineal descendants of deceased first cousins, are, genealogically speaking, issue of Geraldine's paternal or maternal grandparents, making them eligible to a share of her estate by right of representation pursuant to Section 213(B)(2)(d). In order to determine which persons are indeed issue of Geraldine's grandparents, this matter is remanded to the trial court for further proceedings in accordance with this opinion.

REVERSED AND REMANDED.

GARRETT, V.C.J., and BAILEY, J., concur.