**BAPTIST BUILDING CORPORATION, a tax-exempt, non-profit corporation, Appellant,**

v.

**Joe B. BARNES, County Treasurer, Oklahoma County, Oklahoma, Appellee.**

**No. 80804.**

Court of Appeals of Oklahoma, Division 2.

April 5, 1994.

Jami J. Campisano, Clell I. Cunningham III, Miller, Dollarhide, Dawson & Shaw, Oklahoma City, for appellant.

Robert H. Macy, Dist. Atty., Timothy R. Henderson, Asst. Dist. Atty., Oklahoma City, for appellee.

## MEMORANDUM OPINION

BOUDREAU, Presiding Judge.

Baptist Building Corporation (Baptist) appeals from an order of the trial court granting summary judgment to the defendant, Joe B. Barnes, County Treasurer, Oklahoma County, Oklahoma (Treasurer). In this action for a tax refund, one issue is dispositive of this appeal: Was the trial court's interpretation and application of 68 O.S.1991 § 2817(B) to this case an unconstitutional limitation on a religious tax exemption granted by the Oklahoma Constitution? We hold that it was and reverse the trial court.

Baptist is a tax-exempt, non-profit subsidiary of the Baptist General Convention. On March 30, 1990, Baptist purchased certain real property located in Oklahoma City. Since the time of purchase, Baptist has used more than ninety percent of the property exclusively and directly for religious purposes. Treasurer has recognized that portion of the property as tax-exempt for ad-valorem tax purposes since the year 1991.

In October of 1990, Baptist received a statement for ad-valorem taxes on the property for the 1990 tax year, the year it purchased the property. Baptist paid the ad-valorem taxes under protest before they became due or delinquent. Baptist then challenged the validity of the taxes before the Oklahoma County Board of Tax Roll Corrections claiming that it was tax exempt for the last nine months of 1990. After a hearing, the Board denied Baptist's claim for exemption.

Baptist then brought this action against Treasurer seeking a refund of the ad-valorem taxes paid under protest. Baptist filed a motion for summary judgment contending that the property should be exempt from taxation for the period beginning March 30, 1990, the date it acquired title to the property, until the end of the year. Treasurer responded with a counter motion contending that the property was taxable for the entire year of 1990 because it was purchased after January 1st of that year. The trial judge agreed with Treasurer and entered judgment against Baptist. It is from this ruling that Baptist appeals.

██ The facts in this case are not in dispute. Where evidence is undisputed, only a question of law is involved, which is reviewable on appeal. *United States Fidelity & Guar. Co. v. Wyer,* 60 F.2d 856, 858 (10th

Cir.1932). The appellate court independently reviews questions of law as it is its role to define the law. *In re Estate of Crowl,* 737 P.2d 911, 914 (Okla.1987).

■ Under the Oklahoma Constitution, property used for religious purposes is exempt from taxation.

[A]ll property ... used exclusively for religious and charitable purposes, and ..., all property of the state, and of counties and of municipalities of the state ... shall be exempt from taxation.

Okla. Const. art. 10, § 6 (hereinafter referred to as section 6). "Constitutional provisions which exempt certain classes of property or those which direct that the Legislature shall not tax designated property are self-executing." *Independent Sch. Dist. No. 9 v. Glass,* 639 P.2d 1233, 1238 (Okla.1982). "These provisions are operative without supplemental or enabling legislation." *Id.* Section 6, which grants the religious exemption, is a self-executing provision. Accordingly, property used exclusively for religious purposes is not taxable and no legislation is necessary to exempt it.

■ Self-executing constitutional exemptions are accorded special protection from legislative or judicial action. "The Legislature may not impair, limit or destroy rights created by constitutional exemptions nor impose any new or additional conditions as a prerequisite to the exemption granted by the Constitution." *Id.* at 1239. In addition, the courts may not expand or limit their meaning. *Cox v. Dillingham,* 199 Okla. 161, 184 P.2d 976, 980 (1947).

"All taxable real property shall be assessed annually as of the first day of January...." 68 O.S.1991 § 2817(B). The Oklahoma Supreme Court has construed this statute as fixing the taxable status of all real property in the state of Oklahoma as of the assessment date of January 1st. *Allen v. Henshaw,* 197 Okla. 123, 168 P.2d 625, 628 (1946).

In the case of *Board of Commissioners v. Central Baptist Church,* 136 Okla. 99, 276 P. 726 (1929), the supreme court considered the question of whether or not real property, taxable in the name of an owner on January 1st of any year, becomes exempt from taxa-

tion for the remainder of the year by reason of a voluntary transfer thereafter to a tax exempt church corporation. The court held that it did not. The court reasoned:

The date of completion of the assessment of property and levy of taxes thereon is not the determining factor in ascertaining whether property is subject to tax, but rather the ownership and status thereof on January 1st. The proceedings and various steps in the completion of the assessment and levying of taxes for the current year relate back to January 1st of such year.

*Id.* 276 P. at 729.

■ Relying on *Central Baptist Church,* Treasurer takes the position that only property being used exclusively for religious purposes on January 1st can qualify for the religious exemption for the remainder of the year. Baptist, on the other hand, contends that Treasurer's interpretation of section 2817(B) places an unconstitutional limitation on the unconditional tax exemption granted in section 6.

We agree with Baptist. We see a fundamental conflict between the holding in *Central Baptist Church,* as it relates to section 2817(B), and more recent supreme court cases. *Central Baptist Church* fixes a definite date or period upon or from which to determine the taxable status of property. In contrast, more recent cases emphasize that the Legislature may not abridge a self-executing and self-complete constitutional provision, nor may the courts limit its meaning. *Glass,* 639 P.2d at 1238; *Cox,* 184 P.2d at 980. Given that the court in *Central Baptist Church* was not presented with the question of whether section 2817(B) places an unconstitutional limitation on section 6, we view the vitality of its holding to have been supplanted by the later pronouncements of the supreme court.

Treasurer has, in this case, interpreted and applied section 2817(B) in a manner that denies a tax exemption for the remainder of the 1990 tax year to a church corporation for property that it acquired after January 1, 1990, even though the property was used exclusively for church purposes. This action by Treasurer unconstitutionally abridges a

self-executing tax exemption granted by the Oklahoma Constitution.

This conclusion is reinforced by an examination of 68 O.S.1991 § 2940 (formerly codified as 68 O.S.1981 § 24232). That statute addresses the exemption from taxation accorded the state and its subdivisions in section 6 of the Oklahoma Constitution. It provides that whenever the state or any of its subdivisions acquires title to real property for a governmental purpose between January 1st and October 1st, the property is exempt of ad-valorem tax for the remainder of the year following acquisition of title by the state. As neither the courts nor the Legislature have the right to "add" or "take from" the meaning apparent on the face of section 6, *Cox*, 184 P.2d at 980, the Legislature, in enacting the statute, could only have been *interpreting* what the constitutional provision already means. The Legislature concluded that property used for government purposes is constitutionally exempt from taxation from the time of its acquisition.

Property used for either government purposes or religious purposes is "exempt from taxation" pursuant to section 6 of the Oklahoma Constitution. The language "exempt from taxation" is unambiguous. The language does not allow for a difference in the scope of the tax exemption accorded to the two types of property. It is clear that section 6 has only one meaning with respect to the scope of the tax exemption. All property listed in the provision is exempt from taxation from the time of its acquisition.

Accordingly, we reverse the order of the trial court that grants summary judgment to Treasurer. We remand the matter to the trial court with instructions to enter judgment for Baptist on its claim for a tax refund.

REVERSED AND REMANDED WITH INSTRUCTIONS.

REIF, C.J., and RAPP, J., concur.