1998 OK CIV APP 171

**In the Matter of the ESTATE OF Pearl E. KENDALL, Deceased.**

**No. 90828.**

Court of Civil Appeals of Oklahoma, Division No. 4.

Oct. 13, 1998.

Michael L. Mullins, John W. Turner, Klingenberg & Associates, P.C., Oklahoma City, Oklahoma, for Appellant.

Stephen W. Bonner, Stephen W. Bonner, P.C., Norman, Oklahoma, for Appellee.

RAPP, Judge.

¶1 Bobby Dean Price ("Price"), an heir of Pearl E. Kendall, deceased, appeals the trial court's order of distribution of her estate.

## I. *Background*

¶2 Pearl Kendall died intestate on June 23, 1995. She was not survived by any issue, spouse, parent, or grandparent. Her two brothers and one sister also predeceased her. She was survived by twelve nieces and nephews who were the offspring of her two brothers and a sister. One brother left seven children. Another brother left two children and the sister left three children.

¶3 The Personal Representative filed a proposed distribution that would have the estate divided into thirds for each deceased sibling and then have the nieces and nephews share, pro rata, their respective parent's one-third. Thus, some would receive a one-twenty-first share, some a one-sixth share, and some a one-ninth share. Price objected to this distribution scheme and maintained that the correct distribution would treat each niece and nephew equally so that each would receive a one-twelfth share. The trial court ordered distribution in accordance with the Personal Representative's plan. Price appeals.

## II. *Analysis*

¶4 There are no issues of fact. The appeal involves the interpretation of 84 O.S.1991, § 213(B)(2)(c) and (B)(4). Where the facts are not disputed, an appeal presents only a question of law, *Baptist Building Corp. v. Barnes*, 1994 OK CIV APP 71, ¶5, 874 P.2d 68, 69–70, and the review there is *de*

novo.[1] *Salve Regina College v. Russell*, 499 U.S. 225, 111 S.Ct. 1217, 113 L.Ed.2d 190 (1991). The appellate court has the plenary, independent, and nondeferential authority to reexamine a trial court's legal rulings. *Neil Acquisition L.L.C. v. Wingrod Investment Corp.*, 1996 OK 125, 932 P.2d 1100, Fn. 1. Matters involving legislative intent present questions of law which are examined independently and without deference to the trial court's ruling. *Keizor v. Sand Springs Ry. Co.*, 1993 OK CIV APP 98, ¶5, 861 P.2d 326, 328.

¶5 The statute here in question, § 213(B)(2)(c) and (B)(4), and used by the trial court, had an effective date beginning July 1, 1985. It provides in part:

B. Beginning July 1, 1985, if any person having title to any estate ... dies without disposing of the estate by will, such estate descends and shall be distributed in the following manner:

. . . .

2. The share of the estate not passing to the surviving spouse or if there is no surviving spouse, the estate is to be distributed as follows:

. . . .

c. If there is no surviving issue nor parent, in undivided equal shares to the issue of parents by right of representation, or,

. . . .

4. For the purpose of this section, the phrase "by right of representation" means the estate is to be divided into as many equal shares as there are surviving heirs in the nearest degree of kinship and deceased persons in the same degree who left issue who survive the decedent, each surviving heir in the nearest degree receiving one equal share and the equal share of each deceased person in the same degree being divided among his issue in the same manner. The word "issue" means lineal descendants.

84 O.S.1991, § 213(B)(2)(c) and (B)(4).

¶6 Under the statute in effect prior to July 1, 1985, an estate of an intestate decedent who left nieces and nephews and chil-

---

dren of deceased nieces and nephews (grandnephews and grandnieces), would be distributed to the nephews and nieces but not the grandnieces and grandnephews. 84 O.S.1971, § 213 Sixth; *see Hughes v. Fidelity Bank, N.A.,* 1982 OK 45, 645 P.2d 492. This result occurred because the statute directed that next of kin "in equal degree" be identified and the estate then distributed exclusively to them.

¶ 7 The amended statute now in effect directs that the estate descends to the "issue of parents" and "by right of representation." The word "issue" is defined as lineal descendants. Descent is lineal as between persons who descend one from the other. The word "descendants" includes the most remote lineal offspring. 84 O.S.1991, § 218; 84 O.S. Supp.1994, § 213(B)(4); *Hughes v. Fidelity Bank, N.A.,* 1982 OK 45, ¶ 5, 645 P.2d 492, 495. Therefore, all of the surviving nieces and nephews are "issue" and lineal decedents of the decedent's parents. Moreover, they are of the same, or equal, degree of kinship to the decedent. 84 O.S.1991, §§ 217, 221.

¶ 8 Under the facts presented, all heirs are of the same degree and lineage. Thus, the governing statutory section defines "by right of representation." 84 O.S. Supp.1994, § 213(B)(4). The directive then is to divide the estate into as many equal shares as there are survivors in the nearest degree of kinship. Here, by definition, that denominator is twelve. *See In re Estate of Swartz,* 1994 OK CIV APP 7, 870 P.2d 179.

■ ¶ 9 The trial court erred, as a matter of law, by "stopping" at the decedent's brother-sister level of kinship when all in that category were also deceased. Thus, even though Section 213(B)(2)(c) does not specifically direct the court to "surviving issue," it is, in following the statute's guidance, necessary to continue to an issue in the nearest degree of kinship with at least one "surviving" in order to determine the number of shares in which to divide the estate. Therefore, the correct rule, under the case here, is to identify all surviving issue, as that term is defined, at the same level of kinship. Next, the estate is then divided into shares representing the entire population at that level who are surviving as well as who are deceased if they left issue. The more remote issue would then take their part by representation, that is, they would divide their ancestor's share among themselves. *In re Estate of Swartz,* 1994 OK CIV APP 7, 870 P.2d 179.

### III. *Conclusion*

¶ 10 The decision of the trial court ordering unequal share of distribution to the heirs is therefore REVERSED WITH INSTRUCTIONS TO AWARD EACH HEIR A ONE–TWELFTH SHARE OF THE ESTATE.

¶ 11 REVERSED AND REMANDED WITH INSTRUCTIONS.

¶ 12 STUBBLEFIELD, P.J., and REIF, J., concur.

