2006 OK CIV APP 43

**REASOR'S, LLC, Protestant/Appellant,**

v.

**OKLAHOMA TAX COMMISSION, Respondent/Appellee.**

No. 102,292.

Court of Civil Appeals of Oklahoma, Division No. 4.

Feb. 28, 2006.

---

Rebecca M. Fowler, Doerner, Saunders, Daniel & Anderson, Tulsa, OK, for Protestant/Appellant.

Liessa Lieppman, Oklahoma Tax Commission, Oklahoma City, OK, for Respondent/Appellee.

Opinion by KEITH RAPP, Vice Chief Judge.

¶1 The Tax Commission Protestant, Reasor's, LLC (Reasor's) appeals the decision of the Oklahoma Tax Commission (OTC) which denied a claim by Reasor's for refunds of sales tax paid prior to its application for an exemption upon equipment that Reasor's and the Oklahoma Tax Commission agreed was manufacturing equipment.

## BACKGROUND

¶2 The parties presented the cause to an Administrative Law Judge (ALJ) upon stipulated facts.

¶3 Reasor's operates a grocery business at several locations and holds a sales tax exemption permit, dated effective in 1986, in connection with those operations. Reasor's also operates photo processing facilities at these locations. In 2002, Reasor's became aware that it could qualify the photo operations as a manufacturing operation and obtain a manufacturer's sales tax exemption permit (MSEP).[1] Reasor's applied for and received a MSEP in 2002. The issue for decision is whether Reasor's is entitled to a refund for sales taxes it paid in connection with the photo processing operations conducted in its grocery chain prior to the date of its application for the MSEP.[2]

¶4 The MSEP issued by OTC shows an effective date in 1986 corresponding to the

---

1. Qualified manufacturers have a sales tax exemption on the goods they purchase for the manufacturing process. When the Legislature enacted the current manufacturer's sales tax exemption, it authorized OTC to design the permit. 68 O.S. Supp.1998, §§ 1359(1), 1359.2(B). OTC established a combination sales tax exemption and manufacturer's exemption form, termed MSEP.

2. A period of time expired between the application date and the issuance date of the MSEP. OTC refunded the sales taxes paid by Reasor's during this period.

effective date of Reasor's sales tax exemption permit. In addition, in response to an inquiry from Reasor's, a representative of OTC advised it was possible that the MSEP could "be made retroactive for a period of up to three years," which is the period of limitations for refund claims.[3]

¶ 5 Reasor's, upon receipt of the MSEP information, timely submitted a series of refund claims for sales taxes paid for the three years preceding the issuance of the permits. OTC refunded that portion of the sales taxes paid from the date of Reasor's application to the date of issuance because of delay in issuance. However, the sum of $44,150.05, representing preapplication payments of sales tax, was denied. OTC advised Reasor's that the manufacturing exemption could not be extended to a taxpayer prior to the date of registration and application for the exemption. Reasor's filed a timely protest of the denial.

¶ 6 After a protest hearing, the ALJ sustained the denial. The OTC, with one modification, adopted the ALJ's decision. Reasor's appeals.

## STANDARD OF REVIEW

■■■■ ¶ 7 Where the facts are not disputed an appeal presents only a question of law. *Baptist Building Corp. v. Barnes,* 1994 OK CIV APP 71, ¶ 5, 874 P.2d 68, 69. The appellate court has the plenary, independent, and nondeferential authority to reexamine a trial court's legal rulings. *Neil Acquisition, L.L.C. v. Wingrod Investment Corp.,* 1996 OK 125, 932 P.2d 1100 n. 1. Matters involving legislative intent present questions of law which are examined independently and without deference to the trial court's ruling. *Salve Regina College v. Russell,* 499 U.S. 225, 111 S.Ct. 1217, 113 L.Ed.2d 190 (1991); *Keizor v. Sand Springs Ry. Co.,* 1993 OK CIV APP 98, ¶ 5, 861 P.2d 326, 328.

## ANALYSIS AND REVIEW

¶ 8 Reasor's argues that it is entitled to the refund under any of three theories. They are: (a) the MSEP was made effective as of

1986, the purchases occurred thereafter, and Reasor's has performed all prerequisites necessary for a refund; (b) the MSEP is an amendment to its sales tax exemption permit and therefore relates back to 1986; and (c) OTC waived its defense to the refund claim by making the effective date 1986.

■■■ ¶ 9 The Legislature provided for a sales tax exemption for goods, wares, merchandise, and tangible personal property used in manufacturing. 68 O.S. Supp.1998, § 1359(1). The enactment establishing the exemption also enacted new law, 68 O.S. Supp.1998, § 1359.2, effective November 1, 1998, setting forth procedures and qualifications for the exemption for manufacturers and requiring manufacturers to obtain a permit. 1998 Okla. Sess. Laws, c. 301, § 8, eff. Nov. 1, 1998; *see also* Act's Title, 1998 Okla. Sess. Laws, c. 301, H.B. 2754. Section 1359.2 reads as follows:[4]

A. In order to qualify for the exemption authorized in paragraph I of Section 1359 of Title 68 of the Oklahoma Statutes, at the time of sale, the person to whom the sale is made, provided the purchaser is a resident of this state, shall be required to furnish the vendor proof of eligibility for the exemption as required by this section. All vendors shall honor the proof of eligibility for sales tax exemption as authorized under this section, and sales to a person providing such proof shall be exempt from the tax levied by Section 1350 et seq. of Title 68 of the Oklahoma Statutes.

B. Each resident manufacturer wishing to claim the exemption authorized in paragraph 1 of Section 1359 of Title 68 of the Oklahoma Statutes shall be required to secure from the Oklahoma Tax Commission a manufacturer exemption permit, the size and design of which shall be prescribed by the Tax Commission. This permit shall constitute proof of eligibility for the exemption provided in paragraph 1 of Section 1359 of Title 68 of the Oklahoma Statutes. Each such manufacturer shall file with the Tax Commission an application for an exemption permit, setting forth

---

3. Paragraph 4, OTC Order 2005–05–24–04 entered May 20, 2005.

4. It is currently in the same form. 68 O.S.2001, § 1359.2.

such information as the Tax Commission may require. The application shall be signed by the owner of the business or representative of the business entity and as a natural person, and, in the case of a corporation, as a legally constituted officer thereof.

C. Each manufacturer exemption permit issued shall be valid for a period of three (3) years from the date of issuance. If a manufacturer applying for a manufacturer exemption permit is already the holder of a manufacturer's sales tax permit issued under Section 1364 of Title 68 of the Oklahoma Statutes at the time of initial application, the manufacturer exemption permit shall be issued with an expiration date which corresponds with the expiration date of the manufacturer's sales tax permit. Thereafter, the Tax Commission shall issue the exemption permits at the same time of issuance or renewal of tile manufacturer's sales tax permit issued under Section 1364 of Title 68 of the Oklahoma Statutes.

D. The Tax Commission shall honor all manufacturer's limited exemption certificates issued prior to the effective date of this act. However, holders of such certificates shall apply for a manufacturer exemption permit pursuant to the provisions of this section at the same time they apply for issuance or renewal of a manufacturer's sales tax permit.

¶ 10 The OTC's decision, and the parties' arguments here, spend some effort in discussing whether Reasor's failed to qualify for a refund because, as required under Subparagraph A, it did not "at the time of sale . . . furnish the vendor proof of eligibility for the exemption." The reason, of course, for the failure to furnish the proof is that Reasor's had no permit prior to 2002. Inasmuch as this is not a case where a permittee paid the tax through some mistake, or other cause, and now seeks a refund, the arguments concerning compliance with Subparagraph A beg the question.[5]

¶ 11 Section 1359.2 unequivocally provides that in order to receive the exemption a qualified manufacturer must have a permit—no permit, no exemption. This conclusion follows also from the Oklahoma Supreme Court's decision in *Apache Corp. v. State ex rel. Oklahoma Tax Comm'n*, 2004 OK 48, 98 P.3d 1061.

¶ 12 One issue in *Apache Corp.* was whether Apache Corporation could claim a refund based upon the manufacturer's exemption for purchases made after the November 1, 1998, effective date of Sections 1359 and 1359.2. Apache Corporation did not have a MSEP covering this period, so it argued that it was futile to apply for one as OTC had indicated a permit would not be issued because Apache Corporation was not engaged in manufacturing.

¶ 13 The Supreme Court ruled that Apache Corporation's activities did qualify as manufacturing and thus were subject to the exemption permit. However, the Court also ruled that Apache Corporation's futility argument could not be sustained *and* that the provisions of Section 1359.2 established a mandatory duty of specific compliance.[6] Therefore, because Apache Corporation did not have a permit it could not obtain a refund. *Id.* at ¶ 11, 98 P.3d at 1064.

¶ 14 The placement of a 1986 date on the MSEP by OTC does not alter the fact that Reasor's did not have a permit during the period in question. Similarly, the fact that an OTC representative informed Reasor's that it possibly could qualify does not waive the mandatory requirements of the statutes. Moreover, there is no provision in the statute allowing the OTC to make the permit retroactive. An administrative agency is not free to disregard or subvert statuto-

5. *See Dolese Bros. Co. v. State ex rel. Oklahoma Tax Comm'n*, 2003 OK 4, ¶ 42, 64 P.3d 1093, 1107, where the Court held that proper documentation as required by the statute and OTC Rule was necessary in order to qualify for a refund.

6. The *Apache Corporation* Court stated in part:

Apache's assertion of futility in the result of an administrative remedy is, in essence, an equitable defense to the application of a mandatory procedural statute used to obtain a tax exemption.

*Apache Corporation*, 2004 OK 48 at ¶ 11, 98 P.3d at 1064.

ry requirements. *See, Morrow Dev. Corp. v. American Bank & Trust Co.*, 1991 OK 31, 816 P.2d 537. "The general rule is the application of estoppel is not allowed against the state, political subdivisions or agencies, unless it would further a principle of public policy or interest." *Indiana Nat'l Bank v. State Dept. of Human Services*, 1993 OK 101, ¶ 23, 857 P.2d 53, 63–64.

¶ 15 The elements of estoppel are not met here nor is there any compelling interest which would further a principle of public policy which might call for its application against OTC. Thus, even though Apache Corporation knew of the exemption, nevertheless its futility argument failed. Reasor's far weaker position here must also fail as it was simply unaware of the exemption.

¶ 16 Therefore the decision of OTC to deny Reasor's refund is affirmed.

AFFIRMED.

GABBARD, P.J., and REIF, J., concur.