2008 OK CIV APP 108

**In the Matter of the ESTATE Of Walter Ray HENRY, Deceased.**

Rita Jean (O'Riley) Baker, Mark Bandoni, Barbara Joyce Henry Becerra, Maria Danielle Burgess, Bessie Pearl (Ray) Clauson, Donald J. Henry, Walter Hugh Henry, Linda Susan Laskoskie Jaynes, John Francis Lasloski[E], Joyce (Quartier) Leverenz, Betty (Quartier) Mansfield, James Michael O'Riley, Jr., Tyrone Joseph O'Riley, Wayne M. O'Riley, Charles Edward Quartier, Gary Dean Ray, Harold Gene Ray, Jr., Joshua D. Ray, Lawrence Dale Ray, Sr., Lester Allen Ray, Lewis E. Ray, Wayne Arthur Ray, Gary R. Repovsch, Ronald Stabley, Kimberly Ann (Ray) Stock, and Rose (Laskoskie) Tausz, Appellants,

v.

**Carolyn Sewell, as personal representative of the Estate of Walter Ray Henry, Deceased, Appellee.**

No. 104,344.

Court of Civil Appeals of Oklahoma, Division No. 4.

July 24, 2008.

Rehearing Denied Aug. 22, 2008.

Certiorari Denied Dec. 8, 2008.

Approved for Publication by Order of the Supreme Court Dec. 8, 2008.

Terry T. Wiens, Oklahoma City, OK, for Appellants.

John A. Akey, Gene P. Dennison, Tulsa, OK, for Appellee.

DEBORAH B. BARNES, Judge.

¶ 1 Appellants petition for a review of the trial court's interlocutory order of January 26, 2007, determining John Jennings[1] to be the sole heir to the estate of Walter Ray Henry, Deceased. There being no factual disputes, the case must be decided on an analysis and application of 84 O.S.2001 § 213(B)(2)(d) and (B)(4). Having reviewed the record and the applicable law, we reverse the order of the trial judge and remand it with instructions.

## FACTS

¶ 2 Walter Ray Henry died intestate on September 26, 2005. At the time of his

---

**1.** By order filed July 2, 2007, the Supreme Court of the State of Oklahoma substituted Carolyn Sewell, as the personal representative of the Estate of Walter Ray Henry, Deceased, for John Jennings, as the proper party appellee in this appeal.

death, he was survived by one maternal uncle, John Jennings, and several surviving maternal and paternal cousins, Appellants. The trial court ordered distribution of the entire estate to John Jennings. Several surviving maternal and paternal cousins now appeal.

## STANDARD OF REVIEW

¶ 3 When the facts are not disputed, an appeal presents only a question of law. *Baptist Building Corp. v. Barnes*, 1994 OK CIV APP 71, ¶ 5, 874 P.2d 68, 69–70. A legal question involving statutory interpretation is reviewed *de novo*; i.e., by a non-deferential, plenary and independent examination of the trial court's legal ruling. *Rogers v. Meiser*, 2003 OK 6, ¶ 3, 68 P.3d 967, 970; *In the Matter of the Estate of Kendall*, 1998 OK CIV APP 171, ¶ 4, 968 P.2d 364, 365.

## ANALYSIS

¶ 4 The statute in question has an effective date of July 1, 1985; consequently, it applies to Decedent Henry's estate.[2] Part B of § 213 provides, in pertinent part:

B. Beginning July 1, 1985, if any person having title to any estate ... dies without disposing of the estate by will, such estate descends and shall be distributed in the following manner:

. . . .

2. The share of the estate ... if there is no surviving spouse ... is to be distributed as follows:

. . . .

d. if there is no surviving issue, parent, nor issue of parents, *but the decedent is survived by* one or more grandparents or *issue of any grandparent, half of the estate passes equally* to the paternal grandparents if both survive, or to the surviving paternal grandparent, or *to the issue of any paternal grandparent if both paternal grandparents are deceased, the issue taking equally if they are all of the same degree of kinship to the decedent, but if of unequal degree those of more remote degree take by representation and the other half passes to the maternal relatives in the same manner;* but if the decedent is survived by one or more grandparents or issue of grandparents on only one side of the family, paternal or maternal, the entire estate shall pass to such survivors in the manner set forth in this subsection. . . .

4. For the purpose of this section, the phrase "by right of representation" means the *estate is to be divided into as many equal shares as there are surviving heirs in the nearest degree of kinship and deceased persons in the same degree who left issue who survive the decedent, each surviving heir in the nearest degree receiving one equal share and the equal share of each deceased person in the same degree being divided among his issue in the same manner.* The word "issue" means lineal descendants. (Emphasis added.)

¶ 5 Under the statute in effect *prior to* July 1, 1985, an estate of an intestate decedent with a surviving uncle and cousins would go to the next of kin of equal degree and be distributed only to that level of kin containing a survivor. This is what the trial court in this matter erroneously did when it distributed the entire estate to John Jennings, the surviving uncle, and then stopped the distribution at that level of kinship.

¶ 6 The amended statute in effect at the time of Deceased's death, however, directs that the estate descend to the "issue of grandparents" by "right of representation." The word "issue" means lineal descendants. Lineal descent is between persons who descend one from the other. It includes the most remote lineal offspring. *Estate of Kendall* at ¶ 7, 968 P.2d at 366. Therefore, all the surviving cousins, Appellants, and John Jennings are "issue" and lineal descendants of Deceased's grandparents on their respective paternal or maternal sides of the family.

¶ 7 What the trial court should have done is first identify the first kinship level with a survivor. In this case, at the time of trial, there was one surviving at the first level,

---

**2.** *See* Okl. Sess. Laws 1984, Ch. 233, § 213, effective July 1, 1985 (84 O.S.2001 § 213(B)(2)(d) and (B)(4)). Although the legislature amended § 213 in 1994, that amendment did not affect the subsections pertinent to this appeal.

John Jennings, uncle of Deceased. At the same level, not surviving but with issue surviving, were five other aunts and uncles.

¶ 8 We use the example family chart below, from Appellants' Brief in Chief, as an illustration.

(Maternal Line)          (Paternal Line)

GM = Grand mother; GF = Grand father; U=Uncle; A = Aunt; C = Cousin

¶ 9 This illustration shows John Jennings, "Uncle John," along with Uncle A(UA) and Aunt B(AB) are on the *maternal* side of Deceased's family, while Uncle C(UC), Uncle D(UD), and Aunt E(AE) are on the *paternal* side. This makes a total of six kin in the first level in which there is a survivor-John Jennings. The estate should be divided, therefore, into six equal portions at Jennings's level-three 1/6 portions on each side. John Jennings gets 1/6 of the estate on the maternal side.[3] UA, AB, UC, UD, and AE (all deceased) each get 1/6 of the estate that will pass through them to their respective issue, Appellants/cousins, by right of representation. The trial court erred by not continuing the distribution to the surviving issue of UA, AB, UC, UD, and AE.

¶ 10 Under the illustration, the surviving issue of UA, AB, UC, UD, and AE—C1, C2 and C3—would each take an equal share of UA's 1/6 of the total estate, or 1/18 each. The same result would occur with C4, C5 and C6, each taking 1/18 of AB's 1/6 share. C7 and C8 would each take 1/12—a half of UC's 1/6 of the estate. C9 and C10 would each take 1/12-a half of UD's 1/6 of the estate, while C11 and C12 would each take 1/12 of the estate, which is half of AE's 1/6 of the estate.

¶ 11 This distribution tracks the statutory language in B(2)(d) that if the decedent is "... survived by ... *issue of any grandparent, half of the estate passes equally to ... the issue of any paternal grandparent if both paternal grandparents are deceased, the issue taking equally if they are all of the same degree of kinship to the decedent, but if of unequal degree those of more remote degree take by representation and the other half passes to the maternal relatives in the same manner ....*" Although John Jennings argues that the language in B(2)(d) after the semicolon[4] governs the distribution, we disagree. Because Deceased is survived by issue of grandparents both paternal and maternal, the statute directs the estate to go to both sides of the family and not just to Jennings on the maternal side.

## CONCLUSION

¶ 12 We do not have before us the current family information regarding surviving Appellants, with or without issue; however, the trial court should apply the statute as discussed above, using the illustration, to determine the actual surviving issue of Deceased's grandparents and fashion an appropriate order. For the reasons set forth above, the order of the trial court is reversed and remanded with instructions to divide De-

---

3. The record indicates that since the trial court entered its Order, John Jennings has died, leaving two issue. These issue will each take half of his share—1/12 each.

4. "....; but if the decedent is survived by one or more grandparents or issue of grandparents on only one side of the family, paternal or maternal, the entire estate shall pass to such survivors in the manner set forth in this subsection...."

ceased's estate in a manner consistent with this opinion.

¶13 REVERSED AND REMANDED WITH INSTRUCTIONS.

RAPP, C.J., and GABBARD, P.J., concur.