2008 OK CIV APP 43

**Linda GAMBLE, Successor Trustee of the David Stephen Schoenberg Trust, and Shirley Schoenberg, Plaintiffs/Appellants,**

v.

**Christopher M. MALONE, Defendant/Appellee.**

**Nos. 105,475, 105,476.**

Court of Civil Appeals of Oklahoma, Division No. 1.

March 21, 2008.

Jay G. Israel, Oklahoma City, OK, for Plaintiffs/Appellants.

Richard C. Ogden, Mulinix Ogden Hall Andrews and Ludlam, P.L.L.C., Oklahoma City, OK, for Defendant/Appellee.

CAROL M. HANSEN, Judge.

¶1 Plaintiff/Appellants, Linda Gamble, as Successor Trustee of the David Stephen Schoenberg Trust (Trust), and Shirley Schoenberg seek review of the trial court's order finding (1) the Trust ended for lack of purpose upon the death of its original beneficiary, David Stephen Schoenberg (Decedent), (2) Decedent's estate was the contingent beneficiary upon the death of the original beneficiary under the Trust, (3) all interests owned by the Trust will pass pursuant to the probate of Decedent's estate, and (4) 60 O.S.2001 § 175.56 does not apply because the Trust directs that no person other than Decedent shall have a claim to Trust assets upon his death. We affirm based on the rationale § 175.56 is inapplicable because its effective date was subsequent to the date of the trust agreement, and under common law, the trustee held the trust res in resulting trust for

the trustor's estate after the sole beneficiary's death.

¶ 2 Decedent created Trust on January 11, 1993 with himself as trustor, trustee, and beneficiary. The Trust Agreement provided in part,

4. This trust shall terminate on January 11th, 2012, at which time TRUSTEE is herewith DIRECTED to pay all of the just debts of the trust, subject to the enforcement of all reasonable defenses to said debts, and thereafter, as soon as is reasonably possible, transfer and convey to its beneficiary, David Stephen Schoenberg, in kind, the entirety and corpus of the trust res. It is the TRUSTORS will that should the beneficiaries be deceased, that no person acting on behalf of the deceased beneficiary have any claim on the trust whatsoever, and that only living original beneficiary have any claim.

. . .

13. . . . [I]t is the express and absolute intention of this trust that no person, persons, firm, corporations or governmental agencies (other than the beneficiaries, be they living) shall ever have any interest in the trust res, proceeds or income; and, in the event such determination might ever be made, contrary to the express provisions of this trust, and the will of the TRUSTOR, then, and in such event, the entire corpus of the trust res shall immediately, and instanter vest in David Stephen Schoenberg, his heirs or assigns, in the fond hope that he and/or they will do what is right with respect to the ultimate best interest of the beneficiaries.

¶ 3 The record contains four quit claim deeds relating to Decedent's residence. The earliest deed, which was executed on January 12, 1993 but was unrecorded, conveyed the property from Decedent's mother, Appellant Shirley Schoenberg, then Gamble, to Decedent. The second deed, executed and recorded in June 1993, conveyed the property from Schoenberg to the Trust. Decedent executed and recorded a quit claim deed in December 1993 conveying the property from the Trust to Decedent individually. He reconveyed the property to the Trust by a deed executed and recorded in April 1996.

¶ 4 Malone lived with Decedent in the subject residence for several years. Decedent died on January 8, 2006. Schoenberg petitioned for probate of his estate. Malone submitted for probate a will in which Decedent left his estate to Malone, or if Malone predeceased him, to his niece. Admission of the will to probate is under contest and remains pending.

¶ 5 Decedent's sister, Appellant Linda Gamble, as successor trustee of the Trust, filed the present action seeking to eject Malone from the property. Schoenberg intervened. Both sides filed motions for summary judgment. The trial court initially ruled 60 O.S.2001 § 175.56 [1] controlled the disposition of Trust property and Shirley Schoenberg was sole beneficiary of the Trust. It reserved other issues until further order of the court.

¶ 6 The parties re-urged their motions for summary judgment. The trial court entered an order vacating its previous order, stating it had previously applied § 175.56 because it was unaware of language in the Trust identifying a contingent beneficiary. It concluded the statute did not apply because paragraph 4 of the Trust directed that no person other than the original beneficiary had a claim to the Trust assets upon his death, and therefore Decedent's Estate was the contingent beneficiary. The trial court found the Trust ended for lack of purpose upon Decedent's

1. 60 O.S.2001 § 175.56, adopted by Laws 1993, c. 345, § 15, eff. Sept. 1, 1993, provides,

When the declaration or agreement of an express trust provides for any of the property held in trust to be distributed to a beneficiary related by blood to the grantor or to a grantor of the trust, and the beneficiary is living at the time the trust is created but dies before the time for distribution of the trust leaving one or more lineal descendants who are living at the time for distribution of the trust, and no provision is made in the trust declaration or agreement for disposition of the property in the event that the beneficiary is not living at the time for distribution of the trust, the beneficiary's lineal descendants take the share of the trust property so given to the beneficiary in the trust declaration or agreement, by right of representation, in the same manner as the beneficiary would have done had he been living at the time for distribution of the trust.

death and directed that the property owned by Trust would pass pursuant to probate in accordance with Decedent's will if it was admitted to probate or by intestate succession if the will was not admitted to probate. Gamble and Schoenberg appeal[2] without appellate briefs in conformance with the procedures for the appellate accelerated docket, Okla.Sup.Ct.R. 1.36, 12 O.S.Supp.2003, Ch. 15, App. 1., contending the Trust did not provide for a contingent beneficiary and therefore the property should be awarded to Schoenberg pursuant to § 175.56.

¶ 7 Because a grant of summary judgment involves purely legal determinations, we will review the trial court's decision under a de novo standard. *Carmichael v. Beller,* 1996 OK 48, 914 P.2d 1051, 1053. Summary judgment is appropriate only when there is no substantial controversy as to any material fact and one of the parties is entitled to judgment as a matter of law. 12 O.S.Supp. 2002, Ch. 2, App. 1, Rule 13. If the trial court reached the correct result but for the wrong reason, we are not bound by its reasoning and may affirm the judgment below on a different legal rationale. *Dixon v. Bhuiyan,* 2000 OK 56, 10 P.3d 888, 891.

¶ 8 We agree with the trial court's ruling that § 175.56 is inapplicable to this matter, but disagree with its reasoning. Provisions of the Oklahoma Trust Act only apply to trust agreements entered into subsequent to the effective date of the provision. 60 O.S.2001 § 175.53(A). Decedent entered into the trust agreement creating the Trust on January 11, 1993, which was prior to the effective date of § 175.56 on September 1, 1993. Therefore, we may not apply § 175.56

in construing the trust agreement in this case. Furthermore, even if § 175.56 did apply, it would provide no relief to Schoenberg, who as Decedent's mother is his lineal ancestor, not his lineal descendant. "Descendant" means lineal offspring, such as children, grandchildren, and their children to the remotest degree and is practically synonymous with "issue." *Hughes v. Fidelity Bank, N.A.,* 1982 OK 45, 645 P.2d 492, 495. It is uncontested that Decedent had no children.

¶ 9 At common law, if an express trust fails without exhausting the trust estate, the trustee holds the trust res in resulting trust for the trustor or the trustor's successors in interest, and the trustee has a duty to convey the property to the holder of the beneficial interest. RESTATEMENT (THIRD) OF TRUSTS § 7 cmt. e (2003). *See also Estate of Sieber v. Oklahoma Tax Com'n,* 2002 OK CIV APP 25, 41 P.3d 1038, 1048. In this case, the trustor's estate has succeeded to his interest in the trust res. The trial court correctly ruled the property must pass pursuant to the probate of Decedent's estate.

¶ 10 The trial court's order is AFFIRMED.

ADAMS, P.J., concurs in result, and JOPLIN, J., concurs.

---