OSCN Found Document:In the Matter of S.J.

 

 
 In the Matter of S.J.2026 OK CIV APP 6Case Number: 122814Decided: 02/05/2026Mandate Issued: 03/05/2026THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION III
Cite as: 2026 OK CIV APP 6, __ P.3d __

 

In the Matter of S.J.:

JANE SANDY ACUNA-GARZA, Appellant,
vs.
ROY D. STOUT and DARCI D. STOUT, Appellees.

APPEAL FROM THE DISTRICT COURT OF
CHEROKEE COUNTY, OKLAHOMA

HONORABLE DOUGLAS A. KIRKLEY, TRIAL JUDGE

AFFIRMED

Lindsay McDowell, BAYSINGER HENSON REMIMER & CRESSWELL, Owasso, Oklahoma, For Appellant,

Stacy Lynn Acord, Anastasia Krich-Mahoney, MCDANIEL ACORD & LYTLE, PLLC, Tulsa, Oklahoma, For Appellees.

E. BAY MITCHELL, III, JUDGE:

¶1 This case arises from the adoption proceedings of minor child S.J. ("Child"), whose adoption by Appellees Ray and Darci Stout ("Adoptive Parents") was finalized by the District Court of Cherokee County on May 2, 2024. On July 30, 2024, Appellant Jane Acuna-Garza ("Appellant"), the Child's biological grandmother, filed a Motion to Intervene in the adoption proceedings for the stated purpose of seeking to vacate the Child's finalized adoption. The trial court denied Appellant's motion on the grounds that the Oklahoma Adoption Code, 75 O.S. §§7501-1.1 et seq., did not allow for intervention of interested parties after the entry of a final adoption decree, and Appellant appealed. For the reasons stated below, we affirm the district court's denial.

Factual and Procedural Background

¶2 Child was born in November 2022. The Oklahoma Department of Human Services ("DHS") immediately obtained custody and placed her into foster care with Adoptive Parents. In the proceedings that followed, the Child's natural mother ("Natural Mother") voluntarily relinquished her parental rights, and the district court terminated the parental rights of Child's natural father ("Natural Father") in January 2024.

¶3 Following the terminations of parental rights, Adoptive Parents filed a Petition for a Decree of Adoption. On May 2, 2024, the district court held a hearing, and based on the pleadings, evidence, as well as the recommendation and consent of DHS, found that "it is in the best interest of [Child] that this adoption be approved by the Court." The district court entered its Decree of Adoption the same day.

¶4 According to Appellant's Motion to Intervene, she learned of Child's birth sometime in 2023, and requested that Child be placed with her. DHS declined this request. The record does not show that Appellant took any further action in the proceedings until filing her motion nearly three months after the adoption was finalized.

¶5 Adoptive Parents objected to Appellant's Motion to Intervene, and the district court held a hearing on the motion on December 19, 2024. After hearing argument and reviewing the record and briefs, the district court ruled that the Oklahoma Adoption Code did not allow for intervention of non-parties after the entry of the Decree of Adoption. The district court entered a Journal Entry of Judgment reflecting its ruling on February 11, 2025. Appellant then appealed.

Standard of Review

¶6 Appellant's Brief does not indicate a standard of review. Adoptive Parents' brief cites the standard of review as abuse of discretion, which would be correct if this were a permissive intervention under 12 O.S. 2021 §2024de novo standard. See Christian v. Gray, 2003 OK 1065 P.3d 591de novo standard.").

DISCUSSION

¶7 Both Appellant and Adoptive Parents acknowledge that the Oklahoma Adoption Code contains no provisions for allowing interventions in an adoption proceeding. As noted above, Appellant argues that the provisions allowing for permissive intervention in 12 O.S. §202412 O.S. §§2001et seq., explicitly prescribes its applicability to "all suits of a civil nature whether cognizable as cases at law or in equity except where a statute specifies a different procedure." 12 O.S. 2021 §2001See, e.g., Automotive Finance Corporation v. Rogers, 2019 OK CIV APP 16437 P.3d 196Matter of Estate of Wheeler, 1996 OK CIV APP 65919 P.2d 460

¶8 Because the permissive intervention provisions of the Oklahoma Pleading Code do not apply, we must apply the procedural provisions of the Oklahoma Adoption Code, 10 O.S. 2021 §7505-1.1et seq. These sections only contemplate intervention in limited circumstances. For example, 10 O.S. 2021 §7505-6.4shall join any person entitled to notice under this subsection who is not already a party to the proceeding." (emphasis added). Persons entitled to notice, in this case, are identified as each parent of the minor. Elsewhere, §503-3.2(B) discusses the procedure for the filing of a paternity action by a putative father upon having knowledge of a potential adoption, and allows for the intervention of a prospective parent in that action.

¶9 These statutes show that the legislature was not unaware of the prospect of intervention, and indeed specifically provided for it in certain circumstances. That it did not include such a procedure generally indicates that it was not its intention to provide that procedural mechanism in this case.

¶10 Although we find that there is no mechanism for Appellant to intervene in this matter, we do address her due process argument. Appellant asserts that "[a] stranger to the judgment roll of an adoption proceeding may bring an action to vacate the adoption decree if he or she possesses an interest entitled to legal protection that is impaired by the decree." While this may be the case, that statement of law is inapplicable here for two reasons. First, Appellant did not bring an action to vacate the adoption decree. This appeal is of denial of a motion to intervene in a concluded adoption proceeding, and while it may have been Appellant's intent to subsequently challenge the adoption decree, that case is not before us.

¶11 Second, Appellant does not show that she possesses a legally protected interest that would bring her within that rule. The only source of a due process right asserted by Appellant is contained in the general provisions of the Oklahoma Children's Code. See 10 O.S. 2021 22.1(A). This statute, entitled "Legislative findings and intent -- Foster care by grandparents or other relative," however, is merely a statement of legislative intent and policy and does not, expressly or impliedly, convey a due process right on grandparents.

¶12 In contrast, the Oklahoma Adoption Code specifically limits the rights of biological grandparents after the entry of a final decree of adoption is entered by stating that they "may be given reasonable rights of visitation to the child, only to the extent permitted by the provisions of Section 5 of this title." 10 O.S. 2021 §7505-6.5

CONCLUSION

¶13 For the foregoing reasons, we find that the Oklahoma Adoption Code does not provide for intervention by a biological grandparent subsequent to the entry of a Final Adoption Decree, and therefore the ruling of the district court is AFFIRMED.

DOWNING, P.J., and PRINCE, V.C.J., concur.

FOOTNOTES

43 O.S. §109.4